EARL B. BOIES ET AL., TRUSTEES (ESTATES OF GEORGE E. MATTHIES ET AL.) *v.* BERNARD H. MATTHIES ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 89455
AT NEW HAVEN

Memorandum filed June 14, 1960 [1]

*William H. Timbers,* of Darien, and *Cummings & Lockwood,* of Stamford, for the plaintiffs.

*John P. Hodgson,* of Hartford, and *Robert M. FitzGerald,* of Litchfield, for all defendants except Katharine Matthies and Harold C. Drew.

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, for defendants Bernard H. Matthies, Richard L. Matthies, Franklyn B. Matthies, Roberta I. Matthies, William W. Matthies and George C. Matthies.

*Alcorn, Bakewell & Smith,* of Hartford, and *Goldstein & Peck,* of Bridgeport, for defendant Katharine Matthies.

*John E. McNerney,* of New Haven, guardian ad litem, pro se.

TROLAND, J.   This action appears to be a combination of an action in equity by fiduciaries for the construction of the wills of George E. Matthies, late of Seymour, Connecticut, deceased, and of Annie W. Matthies, late of Seymour, deceased, and for the advice of the court as to the administration of certain trusts created under said wills, and also an action for a declaratory judgment to declare the rights and other legal relations of the parties, as provided by statute and the rules of this court established thereunder.   In passing on the motion to

---

[1] Publication of this decision was determined upon after an appeal to the Supreme Court of Errors was withdrawn.

expunge the counterclaim, the court is treating the cause as a request for a declaratory judgment.

The plaintiffs are, and for many years past have been, acting as trustees of trusts established under the wills of George E. Matthies and Annie W. Matthies, and allege that they are the duly appointed trustees under said wills, that they have accepted the trusts established thereunder, have duly qualified as such trustees and are now acting in such capacities. The defendants, who are beneficiaries of said trusts, with one exception, have heretofore challenged the position of the plaintiffs with a claim that they are not qualified as trustees under either of said wills and that they are "purported trustees" thereunder only; and that the two successor trustees (plaintiffs Hackett and Carroll) were not properly appointed and qualified under the law.

The plaintiffs have in their possession as trustees a large holding of stock in the Seymour Manufacturing Company which they have contracted to sell to the Bridgeport Brass Company. Some of this stock represents an original holding of the trust estate and some of it is recently acquired stock. The right of the plaintiffs to purchase the recently acquired stock and to sell the entire holding of Seymour Manufacturing Company stock has heretofore been challenged by most of the defendants.

It is clear that there are actual bona fide and substantial questions which require a declaration by the court as to (1) whether the plaintiffs are duly appointed and qualified trustees under the will of George C. Matthies, deceased; (2) whether the plaintiffs are duly appointed and qualified trustees under the will of Annie W. Matthies, deceased; (3) whether the plaintiffs as trustees under said wills are prohibited from purchasing or acquiring any additional stock of the Seymour Manufacturing

Company, and whether the plaintiffs are authorized and empowered to sell any of said stock now held by them, in view of the terms of said wills; and (4) whether the terms and conditions of the agreement to sell stock of Seymour Manufacturing Company to the Bridgeport Brass Company are proper and in the best interests of the trust estates, particularly in view of alleged derivative claims on behalf of the Seymour Manufacturing Company against the plaintiffs and others. All of the above questions appear established by the complaint and answers.

By the counterclaim, defendants seek a review of the administration of the trust estates from the date of the admission to probate of the respective wills establishing them down to the present time. This means from 1922 in the George E. Matthies trust and from 1939 in the Annie W. Matthies trust. This involves an examination and consideration of the acts of two of the original trustees of each trust who are now deceased, Franklin Starr Jerome, who died in 1948, and Charles D. Lockwood, who died in 1949. Serious claims of mismanagement are made against the original trustees, particularly Jerome, who is charged with fraud and unlawful appropriation of trust funds to his own use, during the period 1922 to his death in 1948, and more particularly that through stock control by these original trustees of the Seymour Manufacturing Company and a company owned and controlled by it, Jerome fraudulently used funds of said companies and appropriated the same to his own use, to the companies' loss and his own great enrichment.

Defendants in said counterclaim charge the present, as they say, "acting and purported trustees" with a breach of fiduciary duty in failing to adequately pursue claims of the corporations and of the trusts against the estate of Jerome; the pay-

ment of alleged exorbitant fees to themselves and to their counsel; the evidencing of hostility against the defendants, except Katherine Matthies, and their consultation with her to the exclusion of the other defendants in affairs concerning the trusts; and there are other claims having to do mostly with the management of corporations of which the trustees had "control" through stock ownership. These matters range from the more serious charges of fraud against Jerome and the claimed failure to pursue claims against his estate to claims that an officer of the Seymour company (not a party hereto) was removed without just cause, that the defendant Bernard H. Matthies was replaced as a director thereof, and that the employment of the defendant Richard L. Matthies with the Seymour company was terminated without just cause.

As a result of the various matters alleged, the defendants by their counterclaim seek the removal of the plaintiffs as trustees; the appointment of a receiver of the trusts; the appointment of new trustees; an accounting; the surcharging of the plaintiffs with all amounts which may be shown to be due to the trusts and the corporations controlled by said trusts; that the contract with Bridgeport Brass be declared null and void; that the plaintiffs be enjoined from setting up or attempting to set up the decrees of the Court of Probate for the district of Derby appointing them as trustees and approving their various accounts as trustees; and that the plaintiffs be enjoined from carrying out their contract with the Bridgeport Brass Company and from transferring by sale or otherwise the shares of stock of Seymour Manufacturing Company acquired prior to July 1, 1959. Finally, defendants claim damages of $5,000,000. The plaintiffs urge that this counterclaim be expunged because the allegations thereof are not so connected with the subject matter of the

plaintiffs' complaint that their consideration is necessary for a full determination of the rights of the parties relative to the matters raised by the complaint.

The above is a fair statement of the rule governing the permitting of a counterclaim, as laid down by our Supreme Court of Errors. *Springfield-Dewitt Gardens, Inc.* v. *Wood,* 143 Conn. 708, 713; *Harral* v. *Leverty,* 50 Conn. 46. Defendants strongly urge that their counterclaim meets the above test. The court is of the opinion that it is a close question which requires an examination of our procedure for declaratory judgments.

An action for a declaratory judgment is a special statutory proceeding, not one in equity. *Silberman* v. *McLaughlin,* 129 Conn. 273, 276. The rules of practice are designed to carry out the purpose of the statute. One great purpose of a declaratory judgment is to enable parties to have their differences authoritatively settled in advance of any claimed invasion of rights, that they may guide their actions accordingly and often may be able to keep them within lawful bounds and so avoid the expense, bitterness of feeling and disturbance of the orderly pursuits of life which are so often the incidents of lawsuits. *Larkin* v. *Bontatibus,* 145 Conn. 570, 575. A proper purpose of a declaratory judgment is to expedite the decision of the right of the plaintiff to the declaration he seeks by the decision of the issue in a preliminary proceeding. *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 133 Conn. 403, 413. The court is mindful of the rules that a declaratory judgment will not be rendered where the court is of opinion that the parties should be left to seek redress by some other form of procedure. Practice Book § 277. The court also notes with approval the statement by Chief Judge Clark, in a recent case involving the parties hereto, that

courts should be careful not to "overemphasize strict pleading and in so doing to throw our procedure out of line with the liberal spirit fostered by the civil rules." *Matthies* v. *Seymour Mfg. Co.,* 271 F.2d 740 (dissenting opinion).

Among the more serious claims to relief urged by the defendants is the alleged fraud by Jerome against the Seymour Manufacturing Company. The Seymour Manufacturing Company is a Connecticut corporation. In a suit to determine the existence, nature and amount of any claim of said corporation against the plaintiffs, the corporation is a necessary party. Said corporation is not a party to this cause. It would likewise appear that if there is claimed on behalf of the Seymour company recovery for acts of fraud by Jerome, his representatives should be parties to such litigation.

The grievances of displaced officers and employees of corporations controlled by the plaintiffs are not properly to be litigated in this action. The propriety of the contract with Bridgeport Brass Company can well be determined under the allegations of the complaint and answer. The Superior Court may properly declare the effect of the probate decrees which are challenged in the fourth special defense filed by defendants. *Lloyd* v. *Weir,* 116 Conn. 201, 204.

It appears from the files and from the arguments made herein that the defendants have heretofore as early as 1957 commenced actions against the plaintiffs, and others, on substantially the same grounds and seeking substantially the same relief and coercive action requested in the counterclaim. These actions, for reasons that then seemed proper to defendants, were withdrawn in turn, one on the eve of trial. It appears to the court that the plaintiffs are entitled to know whether they are lawfully

appointed and qualified trustees, and what their rights and duties are with respect to the Seymour Manufacturing Company stock, and that under their request for a declaratory judgment and the law and rules governing such procedure they are entitled to a speedy trial. The desire of the defendants to have a trial of the issues raised by them appears not to have had the urgency of a speedy decision by this court (witness their withdrawal on the eve of trial with all essential parties represented). The serious charges brought by them should be tried in another and proper forum, with all the indispensable parties present. The litigation of the many collateral complicated matters, involving many diverse parties and interests implicit in the allegations of the counterclaim, would defeat the important purpose to be served by a timely declaratory judgment therein on the issues raised by the complaint.

The subject matter of the counterclaim is not so connected with the matter in controversy under the original complaint that its consideration is necessary for a full determination of the rights of the parties. *Springfield-Dewitt Gardens, Inc.* v. *Wood,* 143 Conn. 708, 713. "To avoid confusion and chaos there [have] to be ways of doing things in administering laws." Medina, The Anatomy of Freedom, p. 106.

The motion to expunge the counterclaim is granted.