## JUDITH VINCENT *v.* LITCHFIELD FARMS, INC.
## (7945)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued January 8—decision released May 15, 1990

*William F. Gallagher,* with whom, on the brief, were *Cynthia C. Bott* and *James W. Marshall,* for the appellant (plaintiff).

*Lawrence R. Pellett,* for the appellees (defendants Michael Loeb et al.).

DUPONT, C. J. The issue of this appeal is whether the trial court was correct in granting the third party defendants' motion for summary judgment against the plaintiff on the basis that the period of limitations set forth in General Statutes § 52-584 had run as to any action by the plaintiff against them.

The plaintiff allegedly was injured in the parking lot of Litchfield Farms, Inc. (Farm Shop) on May 2, 1986. On June 8, 1987, she brought suit against Farm Shop. On March 21, 1988, Farm Shop's motion to implead Michael and Rhoda Loeb, the lessors of Farm Shop,

as third party defendants was granted and, on March 31, 1988, Farm Shop served a third party complaint against the Loebs, seeking indemnification for any damages for which they were found liable to the plaintiff. An appearance for the third party defendants was filed on July 6, 1988. On July 20, 1988, the plaintiff filed an amended complaint, naming the Loebs codefendants in the original action.

The plaintiff claims (1) that compliance with General Statutes § 52-102a (c) and Practice Book § 117 insulated her from the granting of summary judgment and (2) that her direct claim against the third party defendants relates back to the date of the defendant's third party complaint, thereby shielding her from the granting of summary judgment. These claims are interrelated and will be discussed together.

Practice Book § 117 and General Statutes § 52-102a (c) contain identical language. "The plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence [that] is the subject matter of the original complaint, and the third-party defendant, as against such claim, shall have available to him all remedies available to an original defendant, including the right to assert [setoffs] or counterclaims against the plaintiff."

The third party defendants were impleaded and served by the defendant within the statutory period of limitations for the plaintiff's action against the defendant. They were not served or sued directly by the plaintiff, however, within the statutory period of limitations for her personal injury.

It is undisputed that the plaintiff's amended complaint adding a count against the third party defend-

ants was filed within twenty days of their appearance as third party defendants. The plaintiff argues that she, thereby, complied with Practice Book § 117 and General Statutes § 52-102a (c). She further argues that the third party defendants were fairly apprised of her claim against them as of the time they were impleaded by the original defendant, and that the twenty day period provided by § 117 cannot be abrogated by the statutory time limitation on any independent action by her against the third party defendants.[1]

The legislative history reveals that General Statutes § 52-102a (c) and, therefore, Practice Book § 117 are based upon Rule 14 (a) of the Federal Rules of Civil Procedure. That history shows that there was no intent on the part of the legislature to enlarge the rights of an original plaintiff or to extend the time in which he or she might bring a direct action against a third party defendant. Instead, the intent underlying the enactment of § 52-102a (c) was to adopt the federal impleader procedure for the purpose of judicial economy. Since there is no Connecticut case directly resolving the issue of this case, we, therefore, look to the federal courts' construction of the interaction between Rule 14 (a) and statutes of limitation.

Under Rule 14 (a), a plaintiff's amendment of a complaint in order to bring a direct action against a third party defendant is treated as the filing of an original action by the plaintiff against the third party defendant. *Monarch Industrial Corporation* v. *American*

---

[1] The plaintiff also claims that to hold otherwise would mean that the third party defendants could control the running of the limitations period by timing their appearance because the plaintiff could not assert a claim against the third parties until they appeared. The answer to this argument is that the plaintiff could have sued the third party defendants at any time since the date of the accident and was not required to wait until the defendant impleaded them.

*Motorists Ins. Co.*, 276 F. Sup. 972, 981 (S.D.N.Y. 1967). Consequently, "[t]he filing of a third-party complaint by the original Defendant does not toll the running of the statute [of limitations] on a cause of action between the Plaintiff and a third-party Defendant." *Straub* v. *Desa Industries, Inc.*, 88 F.R.D. 6, 9 (1980); *Monarch Industrial Corporation* v. *American Motorists Ins. Co.*, supra; *Zaveta* v. *Portelli*, 127 App. Div. 2d 760, 761, 512 N.Y.S.2d 152 (1987); but see *Duffy* v. *Horton Memorial Hospital*, 66 N.Y.2d 473, 477, 488 N.E.2d 820, 497 N.Y.S.2d 890 (1985).

We see no reason to construe General Statutes § 52-102a (c) or Practice Book § 117 differently from the construction that federal courts have given to Rule 14 (a) in this respect. The plaintiff's complaint was amended after the statute of limitations had run as to the third party defendants. The claim was, therefore, time-barred, and the trial court was correct in granting the third party defendants' motion for summary judgment.

There is no error.

In this opinion the other judges concurred.

