[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The third party defendant, Brake Systems, Inc., has filed a motion to strike the plaintiff's complaint against it on two grounds: (1) the underlying action is a products liability claim and Brake Systems, Inc. is not a product seller, which bars a negligence claim against Brake Systems in this action; and (2) the action is barred by the statute of limitations.
With a motion to strike the facts alleged in the complaint and the facts necessarily implied from them are accepted as true, but the motion does not admit legal conclusions. Blancato v. Feldspar Corporation, 203 Conn. 34,36, 37. The underlying facts and the procedural history of this case are undisputed. The complaint claims that the named plaintiff was injured on August 8, 1986 when working on a Yale forklift truck for his employer, Industrial Trucks, Inc. The plaintiff was a repair serviceman acting within the scope of his employment, and was fixing the forklift truck at the place of business of the third party defendant, Brake Systems, Inc., in Cheshire. The injury occurred when a steel mast on the forklift truck dropped suddenly, crushing the plaintiff's hand. The forklift truck was manufactured by the defendant, Eaton Corporation (Eaton). The action was initially commenced only against Eaton on the ground that the forklift truck was defective, when the defendant Eaton was constructively served with the complaint on August 8, 1989. This was exactly three years after the named plaintiff was injured, and within the three year statute of limitations for product liability claims contained in section 52-577a of the General Statutes. As of that date the plaintiffs had not brought any action against Brake Systems, and any negligence claim against it would then have been beyond the time limit in section 52-584 of the General Statutes, the two year statute of limitations for negligence claims.
Eaton filed a motion to implead Brake Systems as both contribution and indemnity from Brake Systems, for any amounts that Eaton was required to pay to the plaintiffs in the underlying complaint. Brake Systems filed an appearance on August 29, 1990. On September 14, 1990 the plaintiffs also filed a complaint against Brake Systems as a third party defendant on grounds of negligence. Brake Systems then filed this motion to strike complaint. CT Page 4213
Brake Systems has questioned whether it can be brought into the action at this point, particularly since a negligence claim against it appears to be barred by the statute of limitations. Eaton had the right to bring Brake Systems into the case by impleading it as a third party defendant based on sections 52-577a and 52-102a of the General Statutes. Section 52-577a(b) provides that in any products liability action "a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action brought under this subsection (a) of this section is returned to court." It is undisputed that Eaton is a product seller, the complaint against it by the plaintiff was served August 8, 1989 and returned to court September 26, 1989. Service of the third party complaint occurred on July 19, 1990, within the one year limitation period for bringing a third party defendant into the action. In Malerba v. Cessna Aircraft Co., 210 Conn. 189, 195, 198, it was held that a defendant in a products liability action can bring an action for contribution or indemnification against a third party before the original action against the defendant terminated. The statute does not require the claim against the third party defendant to be a products liability claim, and the defendant has not cited any case which indicates any such requirement. In fact, Malerba v. Cessna Aircraft Co., supra, 196 states that "there is within the language of both General Statutes sections 52-102a and 52577a(b) implicit authority for defendants to maintain both contribution and indemnification actions against third parties."
The plaintiffs' complaint against Brake Systems as a third party defendant was brought based on section 52-102a(c) C.G.S. That statute provides in part that "the plaintiff, within 20 days after the third party defendant appears in the action, may assert any claim against the third party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint, and the third party defendant, as against such claim, shall have available to him all remedies available to an original defendant. . . ." The negligence claim of the named plaintiff and his wife's derivative loss of consortium claim arise out of the same transaction that is the subject matter of the original complaint, namely the injury of August 8, 1986 from the forklift truck. Even though Brake Systems is not a product seller within the meaning of the products liability statutes, there is nothing in sections 52-102a, 52-577a
or any other statute brought to the Court's attention CT Page 4214 which requires the complaint brought by the plaintiff against the third party defendant under section 52-102a(c) to be a products liability claim. While section 52-572n of the General Statutes makes a products liability claim against a defendant "in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product", Daily v. New Britain Machine Co., 200 Conn. 562, 571, that concept does not apply here. Brake Systems is not a product seller, and the plaintiff has not brought a products liability claim against it. Putting aside the statute of limitations problem, it is clear that the plaintiff could have commenced this action originally against both Eaton and Brake Systems in separate counts, with a claim against Eaton based on products liability and against Brake Systems based on negligence. Since the complaint against Brake Systems as a third party defendant here was brought within 20 days after Brake Systems filed an appearance and is based on the same subject matter as the underlying complaint, the plaintiff complied with section 52-102a(c). The action can be maintained based on that statute even though Brake Systems is not a product seller.
Brake Systems also claims that the plaintiffs' complaint against it is barred by the statute of limitations. As previously noted, the injury occurred August 8, 1986, but the third party complaint was not filed until September 14, 1990. The defense of the statute of limitations must be specially pleaded as a special defense. Section 164 Connecticut Practice Book. Since the statute of limitations is procedural and therefore can be waived, it generally cannot be raised by a motion to strike. Barney v. Thompson,159 Conn. 416, 419. An exception exists when the complaint affirmatively sets forth all the facts pertinent to the question whether the action is barred by the statutes of limitations. Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170,171, 172. As with the original complaint, a motion to strike a pleading allowed based on section 52-102a is treated in the same way as a motion to strike the original complaint, and the complaint is construed in the manner most favorable to the plaintiff. Senior v. Hope, 156 Conn. 92, 97, 98. The statute of limitations defense is not properly raised under the facts of this case by a motion to strike, and the Court follows the customary rule that a statute of limitations cannot be raised in a personal injury negligence case by a motion to strike. Bulkley v. Norwich Westerly Railway Co.,81 Conn. 284, 286; Sharkey v. Skilton, 83 Conn. 503, 510. As recognized in the Bulkley case, the dates alleged in the pleadings are not controlling and may be amended, and are not essential to the cause of action. Establishment of dates and CT Page 4215 other material facts to prove a statute of limitations defense must be delayed until after the defense is filed and the pleadings are closed. The plaintiffs' complaint dated September 14, 1990 may be barred by section 52-584 of the General Statutes, since the running of the statute of limitations is not tolled until the plaintiff files the complaint against the third party defendant, Vincent v. Litchfield Farms, Inc., 21 Conn. App. 524, 528, which occurred in this case more than three years after the plaintiff's injury. This factual and legal issue will have to be resolved later.
The motion to strike the plaintiffs' complaint against the third party defendant is denied.
ROBERT A. FULLER, Judge.