[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#155)
On October 4, 1989, the plaintiff, Constance George, filed a complaint sounding in negligence against the defendant, Linda Royer. The CT Page 9726 complaint alleged, inter alia, that, on October 21, 1987, while stopped in her vehicle in traffic, the plaintiff was struck from behind by the defendant, resulting in injuries to the plaintiff. On March 8, 1990, the defendant moved to implead Paul Opperman and, on March 19, 1990, the court, Pickett, J., granted the motion. Mr. Royer's complaint, sounding in negligence and filed on April 6, 1990, alleges that, on October 21, 1987, while stopped in traffic, she was struck from behind by Mr. Opperman's vehicle, causing her to strike the plaintiff's vehicle.
On August 30, 1991, defendant Opperman filed an answer denying most of the allegations of the third party plaintiff's complaint. Mr. Opperman also filed a special defense to this action in which he states that the third party plaintiff's action against him is barred by the two year statute of limitations contained in General Statutes 52-584. On September 12, 1991, Ms. Royer filed an answer denying the special defense. Thereafter, on September 23, 1991, Mr. Opperman filed a motion for summary judgment and attached thereto a supporting memorandum of law. On October 25, 1991, Ms. Royer filed an objection the motion for summary judgment and submitted therewith a supporting memorandum.
Summary judgment is provided for in Practice Book 378-384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (quoting Practice Book 384). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party.'" Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990).
The third party defendant, in its memorandum in support of its motion for summary judgment, claims, inter alia, that any claim by the third party plaintiff for money damages is barred by the statute of limitations because the third party action was brought more than two years from the date when the injury was first sustained. In its memorandum in opposition to the motion for summary judgment, the third party plaintiff admits that the third party complaint was filed more than two years after the alleged accident, and further admits that she is not entitled to monetary damages from Mr. Opperman. The third party plaintiff states, however, that Mr. Opperman must remain a party defendant so that his negligence can be assessed.
General Statutes 52-572h permits the trier of fact to apportion damages among joint tortfeasors in accordance with each tortfeasor's negligence. General Statutes 52-572h(c). However, General Statutes52-584 states that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by CT Page 9727 reckless or wanton misconduct. . .shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ." Id. (Emphasis added.) Connecticut's impleader statute, General Statutes52-102a(b), states in pertinent part that: "`the third-party defendant, shall have available to him all remedies available to an original defendant. . . . The `all remedies' clause contained in General Statutes 52-102a(b) preserves the statutes of limitations defense for third party defendants." Protter v. Brown Thompson Co., 25 Conn. App. 360,363, ___ A.2d ___ (1991) (quoting Vincent v. Litchfield Farms, Inc., 21 Conn. App. 524, 528, 574 A.2d 834, cert. denied, 215 Conn. 815,576 A.2d 544 (1990). Ms. Royer, In her response to Mr. Opperman's Request For Admissions, filed pursuant to Practice Book 240, dated December 26, 1990, and attached to and in support of the motion for summary judgment, admitted that her action against Mr. Opperman was brought beyond the two year statute of limitations and that she is not entitled to any type of damages from Paul Opperman. Practice Book 240 states that "[a]ny matter admitted under this section is conclusively established. . . ." Thus, in accordance with Protter, supra, and Practice Book 240, Ms. Royer's action against Mr. Opperman is time-barred, and she is not entitled to receive any damages therefrom. Because Mr. Opperman is entitled to judgment as a matter of law, and because there are no genuine issues of material fact in dispute, the motion for summary judgment is granted.
However, it is necessary to determine Mr. Opperman's degree of negligence so as to permit a determination of Ms. Royer's degree of negligence. Because attribution can only be determined with regard to parties, General Statutes 52-572h(d), it is necessary for Mr. Opperman to be a party so that the degree of negligence attributable to him can be ascertained. The proper manner by which Mr. Opperman should be brought into this matter is by a motion to cite in new parties pursuant to Practice Book 103, and such a motion, if properly filed, should be favorably considered.
PICKETT, J.