[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The issue raised by this summary judgment is one on which our Appellate Court has already passed twice, namely whether or not a party who seeks to implead a third party defendant must do so within the applicable statute of limitations where the third party plaintiff is seeking indemnification. CT Page 3215
In this case, the plaintiff Dawn Moger sued Kenneth P. Cappella and Andrew B. Cappella as a result of personal injuries sustained in an auto collision allegedly caused by the Cappella car. The injury is alleged to have occurred on February 22, 1987. By a pleading dated April 7, 1989 served on the defendant K-Mart on June 26, 1989, defendants moved to implead K-Mart, Inc. on the theory that K-Mart might be liable to them for all or a part of the plaintiff's claims by virtue of alleged defective repair of the brakes on the Cappella automobile. Service of process was therefore effected on K-Mart more than two years after the February 22, 1987 date of injury. The original writ, summons and complaint was dated October 27, 1988 and was served by the sheriff on October 27, 1988. The third party defendant K-Mart now moves for summary judgment on the basis that the claim against K-Mart is barred by the two-year statute of limitations applicable to negligence cases.
The defendant argues that 52-102a, the impleader statute, purports to allow a motion to implead "at any time before trial". The defendant third party plaintiffs claim that the statute of limitations with respect to the cause of action for indemnification begins to run on the date of the filing of the underlying suit, rather than the date of the alleged negligence and maintained that if this were not the case, defendants who had a viable cause of action in indemnification who are not sued until the day before the statute of limitations ran, would have no remedy.
Writing for the Court in the case of Vincent v. Litchfield Farms, Inc. at 21 Conn. App. 524, Chief Judge Dupont pointed out that the legislative history of General Statutes 52-102a(c) and, therefore, Practice Book 117 are based upon Rule 14(a) of the Federal Rules of Civil Procedure.
Although that case involved an original first party plaintiff who sought to join a third party defendant as a direct first party defendant, it indicated that in light of the legislative history, courts should look to the Federal Court's construction of the interaction between Rule 14(a) and statutes of limitation. Judge Heiman writing for the Court in the matter of Protter v. Brown, Thompson Co., 25 Conn. App. 360, 363, involving whether a fourth party action for indemnification was barred by the statute of limitations, indicated that where the product liability statute of limitations 52-577 was involved, that it begins to run on the date of the negligent conduct underlying the original cause of action rather than on the date that a judgment for which the fourth party plaintiff seeks indemnification is rendered. In Protter, the Court went on to say: "The all remedies" clause contained in General Statute 52-102a(b) preserves the statute of limitations defense for third party defendants. See Vincent v. Litchfield Farms, Inc.,21 Conn. App. 524, 528, cert. denied, 215 Conn. 815." Section
CT Page 321652-584 of the statutes provides that "no action to recover damages for injury to the person. . .caused by negligence. . .shall be brought but within two years from the date when the injury is first sustained. . . .".
Although Protter was a products liability action, and this third party claim sounds in negligence, the discussion in Protter is very helpful to the trial court's analysis of the decision to be made in this case. Protter points out that at common law statutes of limitation did not begin to run until the accrual of an action, and an action for indemnification did not accrue until the entry of final judgment against the party seeking indemnification. McEvoy v. Waterbury, 92 Conn. 664. The Protter Court goes on to say, however, that "[in] adopting [the `act or omission complained of'] language our legislature distinguished Connecticut's statute of limitation for torts from those of other jurisdictions, the majority of which begin to run only after the cause of action has accrued.'" Procolkin v. General Motors Corporation, 170 Conn. 289,294. Protter goes on to say that the date of the act or omission complained of is the date when the negligent conduct of the defendant occurs, and points out that because of the distinction created in the Connecticut limitations statute between the injury and the tortious conduct that caused it, it is possible to bar an action even before the cause of action accrues. As the third party complaint was not served within the applicable general negligence statute of limitations found in 52-584, the third party plaintiffs' action is barred as a matter of law and therefore summary judgment should enter in favor of the third party defendant, K-Mart, Inc.
The motion is granted, and the Clerk ordered to enter judgment on the third party complaint in favor of the third party defendant, K-Mart, Inc.
FLYNN, JUDGE