[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 20, 1992, the plaintiff Radiology Clinics, P.C. filed suit against defendants Janice D. Kollmer and Richard D. Kollmer, Jr., for property damage and losses sustained in a fire at the Wildwood Medical Center in Essex on September 12, 1991. On February 5, 1993, defendant Janice Kollmer filed a motion, which was granted by the court, to cite in as defendant Wildwood Medical Center Association, Inc. ("Wildwood"). On June 28, 1993, Wildwood CT Page 11163 filed a motion to implead Dale A. Rowett and Internal Medicine Associates, which was granted by the court on July 12, 1992. Rowett filed an appearance on September 9, 1993.
The plaintiff then filed a two-count complaint against the third party defendant Rowett. The complaint, dated September 9, 1993, was filed with the clerk's office on September 13, 1993. The plaintiff subsequently filed a fourth amended complaint on September 16, 1993, that incorporated the allegations against Rowett. On October 21, 1993, Rowett filed his answer and four special defenses, the first special defense asserting the bar of the applicable statute of limitations. On the same day, Rowett filed a motion for summary judgment and a supporting memorandum of law, asserting that the plaintiff failed to bring a timely action sounding in negligence within two years of the date of the loss. On November 3, 1993, the plaintiff filed an objection to the motion, asserting that a genuine issue of material fact exists as to whether the negligence claim was brought before the statute had run. The plaintiff also filed an affidavit of counsel in support of its objection, which alleged that the complaint was timely filed and that adequate notice of the complaint was served by mail on September 9, 1993.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989), citing Dowling v. Kielak, 160 Conn. 14, 16,273 A.2d 716 (1970). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Citations omitted.) State v. Goggin, 208 Conn. 606, 615, 546 A.2d 250
(1988). "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Id.
In cases involving a statute of limitations, "[t]he trial court may grant summary judgment when the documents submitted in support of the defendant's motion demonstrate that there is no genuine issue of material fact that the plaintiff's suit is barred by the applicable statute of limitations." Shuster v. Buckley,5 Conn. App. 473, 477, 500 A.2d 240 (1985), citing Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). "Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for CT Page 11164 summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." Id.
Practice Book Sec. 117 and General Statutes Sec. 52-102a(c) both provide that "[t]he plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence [that] is the subject matter of the original complaint . . ." The court acquires personal jurisdiction over the third party defendant by way of the service of a summons and complaint by the third party plaintiff under General Statutes Sec. 52-102a. General Motors Acceptance Corporation v. Pumphrey, 13 Conn. App. 223,535 A.2d 396 (1988). However, the filing of the third party complaint by the original defendant does not toll the running of the statute of limitations on a cause of action between the plaintiff and third party defendant, nor does Practice Book Sec. 117 provide a twenty day extension for the plaintiff. Vincent v. Litchfield Farms, Inc., 21 Conn. App. 524, 528, 574 A.2d 834 cert. denied 215 Conn. 815 (1990).
"[A] plaintiff's amendment of a complaint in order to bring a direct action against a third party defendant is treated as the filing of an original action by the plaintiff against the third party defendant." Vincent v. Litchfield Farms, Inc., supra, 527. The amendment sets up a new cause of action since it is against a new party, and therefore it speaks as of the date when it is filed. Baker v. Franco, Superior Court, judicial district of Danbury at Danbury, Docket No. CV91-0307614 (November 25, 1992), citing Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285, 355 A.2d 253
(1974). Although the proper procedure would have been to amend its original complaint to include claims against Rowett, the plaintiff in the present case originally filed an additional "Complaint by First Party Plaintiff Against Third Party Defendant", and subsequently filed an amended complaint. However, since courts should be careful not to overemphasize strict pleadings; Boies v. Matthies, 23 Conn. Sup. 168, 174, 178 A.2d 865 (1960); this pleading is sufficient to inform the parties of the action and to define the issues before the court.
The statute of limitations applicable to injuries to personal property is General Statutes Sec. 52-584, which provides a two-year limitations period. In the present case, therefore, the statute ran on September 12, 1993, two years after the fire occurred. However, since September 12 fell on a Sunday in 1993, the last day for filing the complaint was the next business day upon which the CT Page 11165 clerk's office was open, i.e. September 13, 1993. Practice Book Sec. 405; General Statutes Sec. 51-347c; see Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 9, 363 A.2d 1386 (1975) ("[I]f the last day for performance of certain acts falls on a Sunday or a legal holiday, the doing of that act on the following day would be timely.") Since the plaintiff filed its complaint with the court on September 13, 1993, the action was brought before the statute of limitations had run.
Furthermore, the plaintiff alleges in its affidavit of counsel that it served adequate notice upon the third party defendant by mail on September 9, 1993. Service of a pleading by mail is complete upon mailing. Practice Book Sec. 122. Since both service on Rowett and the filing of the complaint were accomplished before the statute had run, the defendant has failed to meet it burden of showing no genuine issue as to its statute of limitations defense. Accordingly, the motion for summary judgment is denied
JOHN WALSH, J.