[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION GRANTING MOTION FOR SUMMARY JUDGMENT
CT Page 4088
The issue raised here is whether the court should grant the defendant Interdome and Pinheiro's motion for summary judgment as to the first party plaintiff on the ground that the statute of limitations has run as to certain of the plaintiff's claims for damages.
Summary judgment is granted because: (1) the first party plaintiff did not timely follow the orders of the court to join either Interdome or Pinheiro as first party defendant; and (2) did not file any amended complaint with the clerk until July 26, 1993, setting out its claim against them and purporting to join them after more than three years had elapsed.
The facts as pleaded are as follows. The plaintiff, Texene Bosco, was injured while working at The Southbury Training School on August 9, 1983. As a result of her injuries, she began receiving workers' compensation from her employer pursuant to a policy issued by the defendant, J. Neale MacDonald Company ("MacDonald"). The defendant hired a private investigation firm, the Interdome Group ("Interdome"), also a defendant in this case, to follow the plaintiff and report on her activities in order to ascertain the true nature and extent of her claimed disabilities. Interdome assigned Antonio Pinheiro, also a defendant in the present action, to the plaintiff's case. Pinheiro followed and photographed the plaintiff during the month of December, 1988. As a result of the acts of the three defendants, the plaintiff claims she has suffered and continues to suffer emotional distress.
The plaintiff filed a four-count amended complaint on July 26, 1993. Interdome and Pinheiro filed this motion for summary judgment as well as a memorandum of law in support of the motion and the affidavit of John K. McDonald, their counsel, on November 22, 1994. The plaintiff filed an objection to the motion on December 12, 1994. Interdome and Pinheiro filed a response to the plaintiff's objection on January 6, 1995.
"Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial."Orenstein v. Buckingham Corporation, 205 Conn. 572, 574,534 A.2d 1172 (1987). "[T]he moving party for summary judgment is CT Page 4089 held to a strict standard . . . of demonstrating [its] entitlement to summary judgment." Kakadelis v. DeFabritis, 191 Conn. 276,282, 464 A.2d 57 (1983). "To satisfy [its] burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 488, 280 A.2d 359 (1971). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982). A summary judgment motion based on a tolling statute of limitations is proper. Bartha v. Waterbury House Wrecking Company, 190 Conn. 8,459 A.2d 115 (1983).
Interdome and Pinheiro argue that they were not brought into the present action as parties until July 26, 1993, even though the plaintiff's alleged cause of action arose in December of 1988. They therefore contend that pursuant to General Statutes § 52-584[1], the statute of limitations has run as to the claims for damages against them by the plaintiff. The plaintiff does not dispute Interdome and Pinheiro's contention that § 52-584
applies in this case, nor the purported date of the alleged injuries. Rather, the plaintiff maintains that "the Court ordered the plaintiff to insert the names of the defendants into the pleadings in February of 1991, which is within the statute of limitations," and furthermore that "the defendant, J. Neale MacDonald properly impleaded the third party defendants within the statutory period of time." (Objection to Summary Judgment, p. 1.) Interdome and Pinheiro respond that upon a review of the file, the plaintiff is incorrect concerning the relevant dates in this case. A brief summary of the relevant pleadings in the voluminous file concerning this matter is therefore in order.
On December 19, 1989, the plaintiff filed suit against two defendants, MacDonald and Brian Lensink, Commissioner of the Department of Mental Retardation of the State of Connecticut. On September 13, 1990, the defendant, Brian Lensink, filed a motion to dismiss, which was granted by the court, McDonald, J., on October 10, 1994. On November 2, 1990, MacDonald, filed a motion to implead Interdome as a third-party defendant. On April 29, 1991, the court, Langenbach, J., ordered, CT Page 4090
 that on or before the 16th day of May, 1991, the Plaintiff amend his complaint to state facts showing the interest of The Interdome Group, Inc. in this action and summon them to appear as Defendants in this action on or before the second day following May 28th 1991, by causing some proper officer to serve on them in the manner prescribed by law, a true and attested copy of this Order, a true and attested or certified copy of the Complaint in this action, as amended, and a civil summons form 103.1 and due return make . . .
On May 13, 1991, the third-party plaintiff, MacDonald, complied with the order of the court and filed a complaint against the third-party defendant, Interdome.
On February 4, 1991, MacDonald filed a motion to implead Pinheiro as a third-party defendant. On April 29, 1991, the court, Langenbach, J., ordered,
 that on or before the 16th day of May, 1991, the Plaintiff amend his complaint to state facts showing the interest of Antonio Pinheiro, in this action and summon them to appear as Defendants in this action on or before the second day following May 28th 1991, by causing some proper officer to serve on them in the manner prescribed by law, a true and attested copy of this Order, a true and attested or certified copy of the Complaint in this action, as amended, and a civil summons form 103.1 and due return make . . . .
On February 4, 1991, the third-party plaintiff, MacDonald, complied with the order of the court and filed a complaint against the third-party defendant, Pinheiro.
Appearances were filed on May 29, 1991, on behalf of the third-party defendants, Interdome and Pinheiro, by Steven A. Brayton. On June 5, 1991, and September 13, 1991, appearances were filed on behalf of the third-party defendant, Interdome, by Kernan Henry. On February 13, 1992, an appearance was filed on behalf of the third-party defendant, Pinheiro by Kernan 
Henry. These appearances are in response to the third-party complaints filed against the third-party defendants by the third-party plaintiff, MacDonald.
The plaintiff and the third-party defendants do not address CT Page 4091 each other in any motion filed by either the plaintiff or the third-party defendants until August 4, 1992, when the third-party defendants filed motions for an extension of time with which to respond to the plaintiff's request for disclosure and production, purportedly dated July 1, 1992. On August 7, 1992, the plaintiff filed an objection to the third-party defendants' motions for extension of time. On August 14, 1992, Pinheiro filed an objection to the plaintiff's request for disclosure and production. On August 28, 1992, the plaintiff filed notices of her intent to argue the third-party defendants' motions for extension of time, as well as objections to those motions. On September 4, 1992, the plaintiff filed a motion for sanctions and a motion to compel against the third-party defendant, Pinheiro, on the grounds that Pinheiro had not timely responded to the plaintiff's request for disclosure and production. On November 2, 1992, the plaintiff filed an objection to the third-party defendant's request for a deposition of the plaintiff.
On November 16, 1992, the plaintiff filed an objection and a memorandum in support to the third-party defendants' motion to add the plaintiff's mother, Florence Payne, as an additional defendant. In her memorandum in support, the plaintiff states,
 [t]he defendant J. Neale MacDonald, et al impleaded the third party defendant Interdome Group, alleging that any damages sustained by the plaintiff were caused by the action of the Interdome Group and or Antonio Pinheiro. The Interdome Group now alleges that the actions of Florence Payne, the plaintiff's mother, were the proximate cause of the damage sustained by the plaintiff Texene Bosco.
(Emphasis added.) (Memorandum #174.)
Finally, on July 26, 1993, the plaintiff filed a request for leave to amend her complaint. It is this amended complaint which adds Interdome and Pinheiro as first-party defendants to the first-party action brought by the plaintiff.
The plaintiff contends in her objection to the summary judgment motion that, "[t]he plaintiff orally sought and received in 1991 a court order adding the defendants Antonio Pinheiro and The Interdome Group, Inc." (Objection to Summary Judgment, p. 1.) There is no evidence submitted by the plaintiff to support this contention. Indeed, the above quoted statement CT Page 4092 from the plaintiff's memorandum, #174, indicates that Interdome was still considered by the plaintiff to be a third-party defendant on November 16, 1992. The only orders in the file were attached to the third-party plaintiff, MacDonald's, motion to implead the third-party defendants, and are clearly directed to the third-party plaintiff. The plaintiff never complied with Judge Langenbach's orders, but, rather, MacDonald did.
The plaintiff's requests for disclosure and production of the third-party defendants in no way brought those parties into the first-party action. A person is made a party to an action upon service by the plaintiff of a summons and complaint. General Statutes § 52-45a. Assuming her amendment was effective to do so, the plaintiffs' amendment attempted to bring in Interdome and Pinheiro into the first-party action on July 26, 1993, over four and one-half years after the alleged injuries occurred. Interdome and Pinheiro's motion for summary judgment is granted as the applicable statute of limitations has run. See Accord, Vincent v. Litchfield Farms, Inc., 21 Conn. App. 524,574 A.2d 834, cert. denied, 215 Conn. 815, 576 A.2d 546
(1990).
FLYNN, J.