[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT FILED BY CHERRY HILL CONSTRUCTION, CO.
This is a slip and fall case brought by the plaintiff Assunta Ronzone, against Eastland Derby Realty Trust, Arnold Gorsky, Trustee and Paul Gorsky, Trustee, for negligently maintaining a paved area on their property so as to allow an accumulation of snow and ice. The plaintiff alleges that her fall occurred on December 27, 1995. The original complaint was filed on March 3, 1997. Thereafter, on December 16, 1997, the defendants filed a third party complaint against Cherry Hill Construction Co. alleging common law and contractural indemnification for any damages due the plaintiff. On March 6, 1998, the plaintiff filed a cross-claim against Cherry Hill Construction Co. (hereinafter Cherry Hill).
Cherry Hill claims that the plaintiff's cross-claim is time barred by the two year statute of limitations set forth in General statutes § 52-584 and that they are entitled to summary judgment. In support of its motion, Cherry Hill relys onVincent v. Litchfield Farms, Inc., 21 Conn. App. 524 (1990). That case involved similar facts as the present case in that the original defendants impleaded a third party defendant seeking indemnification and thereafter the plaintiff filed an amended complaint naming the third party defendant. The trial court granted summary judgment ruling that the amended complaint was barred by the statute of limitations. The Appellate Court affirmed the trial court's decision. Id., 528.
The plaintiff does not contest that its cross-claim against Cherry Hill was filed beyond the two year statute of limitations. The plaintiff's concern is that if the third party complaint is CT Page 14893 construed as an apportionment complaint, then her failure to assert a claim against Cherry Hill may preclude recovery for Cherry Hill's share of negligence. See General Statutes §52-102b(g).
A fair reading of the third part complaint reveals that it is a claim for indemnification brought pursuant to § 52-102a as opposed to apportionment pursuant to § 52-102b. The complaint does not request apportionment of liability and the motion to implead filed by the original defendants clearly states that the motion is based on § 52-102a. This court is therefore not construing the third party complaint as an apportionment complaint.
Given the procedural posture of the case as outlined above, the plaintiff's cross-claim is tantamount to an amended complaint naming Cherry Hill as a defendant. As such, it is time-barred by § 52-584.
Accordingly, the motion for summary judgment must be granted.
So ordered at New Haven, Connecticut this 17th day of December, 1998.
Devlin, J.