[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I.
This case involves a claim against the defendant, a Hartford policeman, for alleged violations of the plaintiffs constitutional rights including claims for false arrest, assault, and infliction of emotional distress.
The matter was originally scheduled for trial on August 19, 1999 but, due to discovery issues, was continued to a future date. One of the discovery issues concerned the disclosure of the names of additional officers involved in the arrest. On August 17, 1999, plaintiff moved to cite in one of these individuals as a party defendant. The plaintiff seeks to name one Sergeant McClure as a party alleging that he was unable to identify her until a recent disclosure. The defendant opposes this motion arguing that the statute of limitations has now passed and that the plaintiffs proposed pleading is insufficient as a matter of law.
 II.
This court first notes that the proposed party, Sergeant McClure, has not been truly unidentifiable. Her name and role as supervisor stated on the incident report and this document has always been available to the plaintiff.
Moreover, it is clear that "[a]mendments relate back to the date of the complaint unless they allege a new cause of action."Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285,355 A.2d 253 (1974). An amended complaint against anew party states a new cause of action. Chreiman v. ITT Hartford Group, Superior Court, judicial district of New London at New London, Docket No. 545908 (March 29, 1999, Purtill, JTR) (1999 Ct. Sup. 3979), citingVincent v. Litchfield Farms Inc., 21 Conn. App. 524, 527-28,574 A.2d 834 (1990), cert. den. 215 Conn. 815, 576 A.2d 545 (1990). In this case, Sergeant McClure would be a new party.
Accordingly, the objection must be sustained because the alleged incident occurred April 19, 1995 and the three year statute of limitations set forth in General Statutes § 52-577
expired on April 19, 1998. See Lounsbury v. Jeffries,25 F.3d 131, 134 (2nd Cir. 1994).
The defendant's second objection is also a sufficient ground to deny the plaintiffs motion. As stated by the plaintiff, he CT Page 13957 only wishes to add Sergeant McClure as a party; he does not seek to change or add any allegations to the complaint. While "supervising officers may be held liable in certain circumstances for constitutional injuries inflicted by their subordinates",Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), there are certain tests that must be met. The plaintiff must show: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practice; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Id. (Internal quotation marks omitted.) (citations omitted.)
Having plead no additional allegations against Sergeant McClure, Officer Gallo's supervisor, the request must fail.
For the above reasons the Motion to Cite in Sergeant McClure is denied.
Berger, J.