[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The issue in this case is whether the defendant's motion for summary judgment should be granted.
It is found that the motion should be granted.
On November 22, 1991, the plaintiff, The Brown Group ("Brown"), filed a negligence action against the defendant, L.J. Paradise Construction Corp. ("L.J. Corp. "), alleging that the defendant contracted with the plaintiff to perform remodeling services on premises owned by the plaintiff, and that an employee of the defendant was injured while performing such services. The plaintiff also alleges that it was paid $50,000.00 in settlement money as a result of an independent negligence action filed by the injured employee against the plaintiff. The plaintiff claims a right of indemnification against the defendant, alleging that the defendant is the sole and direct cause of the employee's injury. See Plaintiff's Complaint, paras. 12-13.
On February 4, 1992, the defendant filed its Answer, Special Defenses and Counterclaim #101. The defendant's second special defense pleads that General Statutes 52-584, the statute of limitations governing negligence actions, bars the plaintiff's indemnification claim. On March 5, 1992, the plaintiff filed a reply to the defendant's Answer, Special Defenses and Counterclaim.
The defendant now moves for summary judgment, contending that since the plaintiff's action is time barred by 52-584, no genuine issue of material fact exists and the defendant is entitled to judgment as a matter of law. See Motion for Summary Judgment #106. The plaintiff responds in opposition to the motion, however, that the applicable statute of limitations in this case is governed by CT Page 8389 General Statutes 52-576, since the claim for indemnification is based upon breach of an independent contractual duty arising out of an employment relationship. See Brief in Opposition #108.
Summary judgment shall only be rendered where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298 (1990). Where the moving party has presented facts which would entitle it to a directed verdict, summary judgment is appropriate. Wilson v. New Haven, 213 Conn. 277, 279-80, 567 A.2d 829 (1989).
The defendant contends that General Statutes 52-584 bars the plaintiff's complaint. Section 52-584 states, in relevant part:
 No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . .
The defendant argues that the plaintiff's indemnification claim is based upon the alleged primary negligence of the defendant, and as such, it is governed by the three year cap on negligence actions set forth in 52-584.
The plaintiff argues that its action sounds in contract, not tort, and therefore it is governed by the six year statute of limitations provided by General Statutes 52-576. Section 52-576
states, in relevant part:
 No action . . . on any implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues.
The plaintiff contends that since "[t]he essence of the relationship between [the plaintiff and defendant] was contractual in nature", the indemnification claim is not a tort action and 52-584, therefore, does not apply to bar recovery.
As a preliminary matter, the parties agree that the plaintiff's action was commenced on November 18, 1991, and that the injury giving rise to this action occurred on March 3, 1988. It is clear that if the plaintiff's claim is governed by the three year statute of limitations set forth in General Statutes 52-584, the action is untimely and therefore barred. If, however, the plaintiff's cause of action accrues pursuant to General Statutes52-576, the claim is timely and summary judgment should be denied. CT Page 8390
It is axiomatic that indemnification "involves a claim for reimbursement in full from one who is claimed to be primarily liable." Atkinson v. Berloni, 23 Conn. App. 325, 326, 580 A.2d 84
(1990). See also Kaplan v. Merberg Wrecking Corp., 152 Conn. 405,412, 207 A.2d 732 (1965). Thus, in order to support a claim for indemnification, the plaintiff must establish an "independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Atkinson v. Berloni, supra, 327; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1987). The nature of the underlying relationship determines the legal theory upon which an indemnification claim is based and, impliedly, the statute of limitation by which it is governed. See Kaplan v. Merberg Wrecking Corp., supra, 408-09; Protter v. Brown Thompson Co., 25 Conn. App. 360,364-64, 593 A.2d 524 (1991).
In Burkett v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65,74, ___ A.2d ___ (1990), the court stated that "a party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Id. In the present case, the plaintiff alleges that the defendant negligently caused injury to an employee working under the defendant's supervision by failing to properly instruct the employee or provide the employee with sufficient supplies. See Plaintiff's Complaint, paras. 10-13.
It is noted that the plaintiff fails to allege either a breach of express contract for indemnification or breach of specific contract provisions which might impose an implied duty of indemnification upon the defendant. Although the plaintiff alleges the existence of a "renovation contract" between the plaintiff and defendant, the complaint does not allege that any provisions of that contract were breached by the defendant. Rather, the plaintiff alleges that the defendant was "in control of the [employee's] actions" at the time of injury, that the plaintiff "had no knowledge of the negligence of . . . the Defendant, had no reason to anticipate [it] and reasonably relied upon the Defendant . . . not to be negligent", and finally, that "the Defendant was a sole and direct cause of the injuries." Plaintiff's Complaint, paras. 10-12.
A claim for indemnification grounded in tort requires that the plaintiff allege four elements:
 (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not CT Page 8391 know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1990), quoting Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,698, 535 A.2d 357 (1988). It is found that the plaintiff's complaint alleges each of the foregoing elements, and therefore, sounds in tort. It is further found that the three year statute of limitations governing negligence actions applies pursuant to General Statutes 52-584, and the action should be barred as untimely. See Protter v. Brown Thompson Co., supra, 364-65.
For the foregoing reason, it is found that defendant's motion for summary judgment should be granted.
So ordered.
William J. McGrath, Judge