SOPHIE PROTTER *v.* BROWN THOMPSON AND COMPANY ET AL.
(9907)

DALY, FOTI and HEIMAN, Js.

Argued May 30—decision released July 30, 1991

*David J. Scully,* for the appellant (third party defend-
ant Clarence Butler).

*Kenneth E. Lenz,* with whom, on the brief, was *Paul
Ruszczyk,* for the appellee (fourth party defendant
Dalene Hardwood Flooring, Inc.).

HEIMAN, J. The fourth party plaintiff in this personal
injury action appeals from a decision of the trial court
granting a fourth party defendant's motion to strike

the first count of the fourth party complaint on the ground that the cause of action is barred by the applicable statute of limitations as set forth in General Statutes § 52-577.[1] Thus, the sole issue presented is whether the trial court properly found that, in a fourth party action for indemnification, the limitations period of § 52-577 begins to run on the date of the negligent conduct underlying the original cause of action rather than on the date that a judgment for which the fourth party plaintiff seeks indemnification is rendered. We affirm the judgment of the trial court.

The plaintiff brought the underlying action against the defendants, Brown Thompson and Company, Metropolitan Properties, Inc., and the Richardson Associates (Brown Thompson) in April, 1988, based on injuries she allegedly sustained as the result of a slip and fall on the premises of a restaurant owned by Brown Thompson.

On December 28, 1988, Brown Thompson impleaded Clarence Butler, doing business as Clarence Butler and Sons (Butler), as a third party defendant by a third party complaint seeking indemnification against Butler for his alleged negligence in cleaning and maintaining the floor in question.

On January 2, 1990, Butler filed a fourth party complaint seeking indemnification from Dalene Hardwood Floor Company, Inc. (Dalene), Minwax Company and Leese Flooring Supplies, Inc., as fourth party defendants. The first count of the fourth party complaint claimed a right of indemnification based on Dalene's allegedly negligent instructions regarding the type of wax to use and the application of that wax to the floor in question.

---

[1] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

On March 22, 1990, Dalene filed a motion to strike the first count of the fourth party complaint on the ground that the cause of action alleged was barred by the three year statute of limitations set forth in General Statutes § 52-577. On November 15, 1990, the trial court granted Dalene's motion to strike, reasoning that the three year limitations period began to run on or before May 13, 1986, the day the plaintiff allegedly fell.

On appeal, Butler claims that the trial court improperly granted Dalene's motion to strike because it incorrectly concluded that the statute of limitations set forth in § 52-577 began to run on the date of the negligent act or omission on which the underlying cause of action is based. Rather, Butler contends, because the fourth party complaint claimed a right of indemnification, the event that would trigger the limitations period contained in § 52-577 was the potential future judgment and resulting demand for payment of said judgment on which the right to indemnification was founded.

Our analysis of Butler's claim begins with the pertinent statutory language. General Statutes § 52-102a (b),[2] Connecticut's impleader statute, provides in pertinent part: "the third-party defendant, shall have available to him all remedies available to an original defendant . . . ." The "all remedies" clause contained in General Statutes § 52-102a (b) preserves the statute of limitations defense for third party defendants. See *Vincent* v. *Litchfield Farms, Inc.,* 21 Conn. App. 524, 528, 574 A.2d 834, cert. denied, 215 Conn. 815, 576 A.2d 544 (1990). The term "third-party defendant" as used in § 52-102a clearly includes any party impleaded by operation of that statute. Thus, Dalene may properly raise the statute of limitations to bar Butler's action for indemnification.

[2] In its reply brief, Butler argues for the first time that General Statutes § 52-577 is not the controlling statute of limitations. This claim was not

The applicable statute of limitations provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes § 52-577. "The exact wording of the statute, barring the bringing of any action founded upon a tort *'but within three years from the date of the act or omission complained of,'* pinpoints the basic question here as being just what actually constituted 'the act or omission complained of' . . ." in Butler's claim for indemnification. (Emphasis in original.) *Prokolkin* v. *General Motors Corporation,* 170 Conn. 289, 294, 365 A.2d 1180 (1976).

At common law, statutes of limitations did not begin to run until the accrual of an action, and an action for indemnification did not accrue until the entry of final judgment against the party seeking indemnification. *McEvoy* v. *Waterbury,* 92 Conn. 664, 667, 104 A. 164 (1918). However, "[i]n adopting [the 'act or omission complained of'] language, our legislature distinguished Connecticut's statutes of limitations for torts from those of other jurisdictions, the majority of which begin to run only 'after the cause of action has accrued.' " *Prokolkin* v. *General Motors Corporation,* supra, 294–95. " 'The date of the act or omission complained of is the

raised at trial, however, and was not included in the "statement of issues" section of Butler's brief. See Practice Book § 4065 (a).

It is a rule of long standing that claims of error not distinctly raised at trial will not be reviewed on appeal. *Goold* v. *Goold,* 11 Conn. App. 268, 282, 527 A.2d 696 (1987); *Hanson* v. *Department of Income Maintenance,* 10 Conn. App. 14, 18, 521 A.2d 208 (1987). "We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim . . . . " (Citations omitted.) *Keating* v. *Glass Container Corporation,* 197 Conn. 428, 431, 497 A.2d 763 (1985). Furthermore, we will not review a claim raised for the first time in the reply brief. *L. F. Pace & Sons, Inc.* v. *Traveler's Indemnity Co.,* 9 Conn. App. 30, 45 n.8, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 866 (1986). Accordingly, we decline to review this claim.

date when the negligent conduct of the defendant occurs and is not the date when the plaintiff first sustains damage' . . . ." Id., 297, quoting *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 173, 127 A.2d 814 (1956). "Because of the distinction created in the Connecticut limitation statute between the injury and the tortious conduct that caused it, it is, indeed, possible, on occasions, to bar an action even before the cause of action accrues." *Prokolkin* v. *General Motors Corporation,* supra, 296; see also *Vilcinskas* v. *Sears, Roebuck & Co.,* supra, 174.

As *Prokolkin* makes clear, the aforementioned principles control actions based on a right of indemnification as well as direct causes of action. See *Prokolkin* v. *General Motors Corporation,* supra, 302–303. The "act or omission complained of" for the purposes of Butler's indemnification claim against Dalene is the alleged negligence of Dalene in instructing on the type of wax to use and the application of the wax to Brown Thompson's floor. These acts necessarily occurred, if at all, before May 13, 1986, the date of the alleged fall. Because Butler's fourth party action for indemnification against Dalene was not brought until January 2, 1990, the trial court properly concluded that the action was barred by General Statutes § 52-577 as not brought "within three years from the date of the act or omission complained of." See General Statutes § 52-577.

The judgment is affirmed.

In this opinion the other judges concurred.