[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff filed complaint against the named defendant, Cocchiola, the owner of a parking lot, on May 29, 1990, for injuries suffered when he allegedly fell down as a result of an accumulation of ice and snow in the parking lot. The defendant, Cocchiola, filed an action for indemnification on September 26, 1990, against John Hancock Mutual Life Insurance Co. (Hancock), the lessee of the parking lot and the plaintiff's employer. He also filed an action against J.S. Hosking Nursery (Hosking) for indemnification, alleging that Hosking had contracted to remove ice and snow from the parking lot and was thus responsible for plaintiff's injuries. The plaintiff subsequently filed a direct action against Hosking.
On July 1, 1991, Hancock filed a cross complaint for indemnification against Hosking. This complaint alleges that Hosking was negligent in its removal of ice and snow and that such negligence was the cause of plaintiff's injuries, that Hosking had exclusive control over the ice and snow condition of the parking lot and that Hancock could not have foreseen Hosking's negligence.
On April 13, 1992, Hosking filed a motion to strike the cross complaint on the grounds that it was barred by the applicable statute of limitations, General Statutes 52-584, and that a claim for indemnification is improper in issues decided under Tort Reform II and comparative responsibility.
The plaintiff suffered his injuries on December 14, 1988, according to his complaint attached to Hancock's cross complaint. The cross complaint was filed July 1, 1991. Thus, Hosking argues that it is time barred by 52-584 which provides that an action for damages for injury caused by negligence "shall be brought. . . within two years from the date when the injury is first sustained or discovered."
Hancock claims that 52-584 is not the proper statute, but that the three year period in 52-577 is applicable. This action simply states that actions for torts "shall be brought. . . within three years from the date of the act or omission complained of." In considering a motion to strike or indemnification action as time barred, the court in Protter v. Brown Thompson Co.,25 Conn. App. 360 (1991) applied 52-577. Id., 365. The court noted, however, that one of the parties raised the issue that52-577 was not the proper statute of limitation. Id., 363 n. 2. Because that party had not raised the issue below, the court did CT Page 6758 not address the issue of whether 52-577 was definitely the controlling statute for indemnification actions.
Our Supreme Court has stated that "the three-year limitation of 52-577 is applicable to all actions founded upon a tort which do not fall within those causes of action caused out of 52-577
and enumerated in 52-584; or another action." Traveller's Indemnity Co. v. Rubin, 209 Conn. 437, 441 (1988) (citations omitted). Hancock's cross complaint, although based on plaintiff's complaint for personal injuries, is one seeking indemnification and is not an action for damages caused by negligence under 52-584. Therefore, 52-577 would be applicable and not 52-584, and since Hancock filed this action less than three years after the act complained of, it is not time barred.
Even if 52-584 were applicable, Hosking's motion based on the statute of limitations would still fail. An action under52-584 must be brought within two years "from the date when the injury is first sustained or discovered," but no more than three years from the act or omission complained of. 52-584 (emphasis added) Conceivably, Hancock could have discovered the injury only when it was sued in September of 1990. This action brought in July of 1991 would thus be within two years from when Hancock discovered the injury, but no more than three years from December of 1988 when plaintiff suffered his injuries.
"If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 496 (1992). There are facts, unknown at this time, which could demonstrate that Hancock's action was brought timely. The fact that these are unknown necessary facts demonstrates why a statute of limitations claim should not be raised via a motion to strike, but pled as a special defense as the Practice Book indicated. Practice Book 164.
Hosking also moves to strike the cross complaint on the ground that an action for indemnification is incompatible with Tort Reform II and comparative responsibility. It relies on Kyrtatas v. Stop Shop, Inc., 205 Conn. 694 (1988) where the court held that the Product Liability Act abrogated indemnification actions in favor of a system of comparative negligence. Id., 697. Kyrtatas, however, was interpreting the Product Liability Act and not 52-572h, the section applicable here. Hosking's argument overlooks the plain language of 52-572h(j) which states that 52-572h, the section which establishes comparative negligence for negligence actions, "shall not impair any right to indemnity under existing law."
Where the language of the statute is clear and unambiguous, CT Page 6759 it is assumed that the words themselves express the intent of the legislature and there is no need for statutory construction or a review of the legislative history." Manning v. Barenz, 221 Conn. 256,260 (1992). The language of 52-572h(j) could not be any more clear or unambiguous, the comparative negligence method adopted as part of Tort Reform II does not affect any right to indemnity under existing Law." Furthermore, in Kyrtatas, the court noted that the above provision "applies only to negligence actions under 52-572L but not to suits under our product liability act." Kyrtatas, supra, 702. Thus, Kyrtatas, which Hosking relies on for support of its proposition that indemnification actions are inconsistent with Tort Reform II, expressly stated the opposite.
There is no support for Hosking's arguments that Hancock's indemnification is barred by any statute of limitation or improper under Tort Reform II. Accordingly, motion to strike is denied.
/s/ Frank S. Meadow FRANK S. MEADOW, J.