[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 9, 1992, the plaintiff, Rosalyn Prosco, filed an amended substituted complaint against the defendants, Servicemaster and Hospital of St. Raphael ("Hospital"). The plaintiff therein alleges vicarious liability based upon the negligence of a Servicemaster employee, Concetta Piscitelli, for injuries sustained in a slip and fall accident that occurred while the plaintiff was working at the Hospital as a nurse in 987.
On May 13, 1992, the defendant Servicemaster was given leave by the court to implead Piscitelli as a third-party defendant.
The third-party defendant, Piscitelli, has filed a motion to strike the defendant's third-party complaint, contending the statute of limitations governing tort actions, Connecticut General Statutes 52-577, bars the complaint, and (2) the workers' compensation statute, Connecticut General Statutes31-293a, bars the complaint. The defendant filed a memorandum in opposition to Piscitelli's motion on July 23, 1992.
A motion to strike filed pursuant to Practice Book 152 challenges the legal sufficiency of the pleading; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); and is properly granted where the pleading alleges legal conclusions unsupported by facts. Mora v. Aetna Life Ins. Co., 13 Conn. App. 208,211, 535 A.2d 390 (1988). Where "all the facts establishing the [statute of limitations] defense are apparent from a reading of the complaint and no claim of tolling is made, the motion to strike is proper." Allen v. Endrukaitis, 35 Conn. Sup. 286, 288,408 A.2d 673 (1979). See also Vilcinskas v. Sears, Roebuck 
CT Page 8818 Co., 144 Conn. 170, 171-72 A.2d 814 (1956).
In the present case the third-party defendant moves to strike the defendant's third-party complaint on the ground that it is barred by the statute of limitations governing tort actions, Connecticut General Statutes 52-577. The third-party complaint alleges that the plaintiff was injured on August 23, 1985. The third-party complaint was not filed until June 9, 1992. The third-party defendant contends that the three year limitation set forth in Connecticut General Statutes 52-577
governs the defendant's indemnification claim, and therefore, the claim is untimely and should be stricken.
The defendant Servicemaster does not deny that the third-party complaint was filed in May of 1992, but rather, argues that the date from which the limitations period begins to run does not occur until the defendant has notice of a claim. Thus, Servicemaster contends that the statute of limitations began to run on February 10, 1992, the date on which the plaintiff amended her complaint to include allegations of vicarious liability against Servicemaster based upon the negligent conduct of Piscitelli. Servicemaster argues that "[i]t was not until that point that Servicemaster had any need to pursue a claim against her [Piscitelli]," and, therefore, the claim is not untimely.
The defendant's argument overlooks the holding in Protter v. Brown Thompson Co., 25 Conn. App. 360, 365, 593 A.2d 524
(1991), where the court held unequivocally that the date upon which a claim for indemnification based on tortious conduct accrues is the date that the "act or omission" giving rise to the claim occurs. Id. Therefore, since the defendant's third-party complaint was filed seven years after the negligent acts complained of, it fails to satisfy the three year limitation period set forth under Connecticut General Statutes 52-577. For the foregoing reason, the third-party complaint is stricken. In light of the foregoing analysis, this court need not consider the alternative theory for striking the third-party complaint.
HOWARD F. ZOARSKI, JUDGE CT Page 8819