[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Anthony Ottoshavett's motion (#171) for summary judgment arises out of a negligence action brought by plaintiff Adelio Casalini against seven defendants, including a co-worker, Anthony Ottoshavett. Plaintiff's revised complaint alleges that on August 25, 1987, he was injured when the scaffolding he was working on collapsed and hurled him to the ground. Plaintiff alleges that his injuries were due to the negligence of all the defendants.
In March of 1991, plaintiff Casalini filed a withdrawal of this action against Ottoshavett. On April 5, 1991, defendant Imperial Construction Co., Inc. ("Imperial"), filed a crossclaim against defendant Ottoshavett.
In its crossclaim Imperial alleges that if the plaintiff sustained any injuries and damages in the manner alleged in his complaint, then such injuries and damages were caused by the active negligence of the defendant Ottoshavett, rather than any passive negligence on its part. By its crossclaim, Imperial seeks indemnification from Ottoshavett for any damages for which it might be found liable to the plaintiff. Ottoshavett filed an answer basically denying Imperial's crossclaim and pleaded a special defense that the action was barred by the application statutes of limitations.
Defendant Ottoshavett now moves for summary judgment in his favor on defendant Imperial's crossclaim for indemnification on the ground that it is time barred pursuant to General Statutes 52-584
and 52-577.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter CT Page 11479 of law." (Citations omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "`The movant has the burden of showing the nonexistence of such issues. . . .'" Id., 579. "Interpretation of the pleadings is a question of law." Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525,529, 559 A.2d 712 (1989).
Ottoshavett moves for summary judgment in his favor on the ground that there exists no genuine issue as to any material fact and that as a matter of law Imperial's crossclaim for indemnification is time barred. Ottoshavett argues that Imperial's crossclaim was not instituted within two years nor three years of the date of the occurrence complained of as required by General Statutes 52-577 and 52-584 respectively.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop 
Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). "A party is entitled to a indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990).
There is no single statute that establishes a uniform limitations period for all indemnity actions. Which statute of limitations applies depends upon the nature of the underlying action that gives rise to the indemnity claim. (i.e. tort three years; contract six years). Morrison v. Zenobia, 1 Conn. App. 7,8, 467 A.2d 682 (1983). In its crossclaim Imperial alleges that if the plaintiff sustained injuries and damages as alleged, then this was due to "the active negligence of the defendant, Anthony Ottoshavett, in that he erected scaffolding which was unsuitable for the job at hand; and constructed the scaffolding with unsuitable materials. . . ." Thus, Imperial's allegations clearly sound in tort.
The statute of limitations for torts provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes 52-577. General Statutes 52-584 provides in pertinent part: "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained . . . and except that no CT Page 11480 such action may be brought more than three years from the date of the act or omission complained of. . . ."
According to Protter v. Brown Thompson Co., 25 Conn. App. 360,363, 593 A.2d 524 (1991): "[a]t common law, statutes of limitations did not begin to run until the accrual of an action, and an action for indemnification did not accrue until the entry of final judgment against the part seeking indemnification. . . . However, [i]n adopting [the `act or omission complained of'] language, our legislature distinguished Connecticut's statutes of limitations for torts from those of other jurisdictions, the majority of which begin to run only after the cause of action has accrued. . . . The date of the act or omission complained of is the date when the negligent conduct of the defendant occurs and is not the date when the plaintiff first sustained damage. . . . Because of the distinction created in the Connecticut limitation statute between the injury and the tortious conduct that caused it, it is, indeed, possible, on occasions, to bar an action even before the cause of action accrues." (Internal quotations and citations omitted)
The "act or omission complained of" for the purposes of Imperial's indemnification claim is the alleged negligence of Ottoshavett as set forth in Paragraph 4 of its crossclaim, viz., "in that he erected scaffolding in an unsafe manner; utilized said scaffolding which was unsuitable for the job at hand; and constructed the scaffolding with unsuitable materials. . . ." A review of plaintiff's revised complaint dated May 24, 1990, Ottoshavett's affidavit and Imperial's crossclaim dated April 4, 1991, all reveal that the date of plaintiff's injury was August 25, 1987. If Ottoshavett was negligent with regard to plaintiff's injury any negligence would have had to occur on or before August 25, 1987, the date of the alleged injury. Imperial's crossclaim filed April 5, 1991 was brought more than three years from the date of the negligent act complained of and therefore its indemnification claim is barred by the statute of limitations period prescribed in General Statutes 52-577 and 52-584. Protter v. Brown Thompson Co., supra. Accordingly, there is no genuine issue as to any material fact and Ottoshavett is entitled to judgment as a matter of law, and therefore its motion for summary judgment is granted.
So Ordered
Dated at Stamford, Connecticut this 30th day of December, CT Page 11481 1992.
WILLIAM BURKE LEWIS, JUDGE