[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT AS TO THIRD PARTY COMPLAINT
As alleged in the Third Party Complaint, the underlying action in this matter was initiated on or about June 1, 1989 by plaintiffs, Henry and Mary Just against the defendant Meriden Industrial Laundry, Inc. An additional defendant, Occidental Chemical Company, was later added by the plaintiffs. The action of the plaintiffs involves claims of negligence arising from a May 24, 1988 incident in which chemicals from the standpipe leading to a chemical laundry detergent storage tank splashed into Mr. Just's eyes.
By writ dated February 8, 1991, the defendant Meriden Industrial Laundry, Inc., filed a Third Party Complaint against the third party defendant, Ecolab, Inc. Service of that Complaint, as set forth in the sheriff's return in the court's file, occurred after February 8, 1991. In the Third Party Complaint, Meriden Industrial Laundry purported to state a claim for active-passive negligence based upon the claim that
 the third party defendant provided the third party plaintiff, Meriden Industrial Laundry, Inc. with the list of Lindalite Storage Tank requirements and the design of the Lindalite Storage Tank which was capable of storing five thousand gallons of Dynalite.
Meriden Industrial Laundry, Inc. claims that if its storage tank was defective, that defect was due to the negligent list or design of Ecolab, which should therefore indemnify Meriden Industrial Laundry.
Ecolab moves for summary judgment as to Meriden Industrial Laundry, Inc.'s Third Party complaint against it. CT Page 3788
First, it claims that the third party complaint is time-barred under General Statutes 52-584. The court believes, however, that the appropriate statute of limitations is not52-584, but 52-577. Section 52-577 provides:
 "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
Meriden Industrial Laundry argues that 52-584 applies because the action involves claims of negligence. However, this is a claim for indemnification, and therefore the court holds that 52-577 applies. Protter v. Brown Thompson, 25 Conn. App. 360
(1991). From the facts presented it is not clear when Ecolab's act or omission occurred. Ecolab has therefore failed to show that the Third Party Complaint is time-barred.
Second, Ecolab claims that summary judgment should enter because two of the factors necessary to support a common law indemnity claim cannot be proved, i.e., (a) the existence of an independent relationship sufficient to support indemnity, and (b) the presence of exclusive control by Ecolab over the situation giving rise to the plaintiff's injuries.
The four elements for an indemnification claim are set forth in Kaplan v. Merberg Wrecking Corp., 152 Conn. 405 (1965).
(1) The indemnitor must have been negligent.
 (2) The indemnitor's negligence, rather than another's was the direct and immediate cause of injury.
 (3) The indemnitor had exclusive control over the situation.
 (4) The party seeking indemnification did not know of the indemnitor's negligence, had no reason to anticipate it, and could reasonably rely on the indemnitor not to be negligent.
The appellate court has set forth a fifth requirement relative to maintaining a claim for common law indemnification in Atkinson v. Berloni, 23 Conn. App. 325 (1990). The court in CT Page 3789 Atkinson held that absent an independent legal relationship between the parties giving rise to a clearly identifiable legal duty a claim for indemnification cannot be maintained. However, the court stated at page 328: "The question whether a party is primarily negligent and thereby liable for indemnification to another tortfeasor is ordinarily one for the trier of fact." The court believes that the question of whether there was an independent legal relationship between Meriden and Ecolab is a question of fact.
The issue of control relative to a common law claim for indemnification is discussed in Weintraub v. Richard Dahn, Inc.,188 Conn. 570 (1982). "Generally, the determination of whether an act is negligent is a matter for the jury . . . As is the question of exclusive control . . . A party's actual knowledge and the reasonableness of his reliance on others are also to be determined by the trier of fact. Accordingly, the question of whether a party is primarily negligent and thereby precluded from indemnification from another tortfeasor is ordinarily one for the trier of fact." Weintraub at page 573.
The court believes in this case that the issue of exclusive control is a question of fact.
Accordingly, the motion for summary judgment is denied.
Allen, J.