[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Georgeann Svorka, brought this action against the town of Greenwich pursuant to General Statutes 52-592
(accidental failure of suit statute) on June 12, 1990. Plaintiff had attempted to bring suit on two prior occasions but both suits CT Page 6220-vv were dismissed. Plaintiff alleges that on January 26, 1987, she fell and sustained injuries while walking on a sidewalk located in Greenwich. Plaintiff claims that the town has a statutory duty to maintain the streets and sidewalks of Greenwich in a reasonably safe condition in accordance with General Statutes 13a-149. Plaintiff alleges that her fall and resulting injuries were caused by the town's failure to remove ice and snow on the sidewalk.
On July 1, 1991, Greenwich filed a motion to implead and file a third-party complaint against Roger H. Laurie and Devin-Adair Company Publishers (Devin-Adair) as third-party defendants. The court granted the motion on July 15, 1991. In the third-party complaint, Greenwich alleges that the third-party defendants were responsible, pursuant to 11-7 of the Greenwich Municipal Code, to remove ice and snow from the area of sidewalk where plaintiff Svorka allegedly fell. Greenwich further claims that the third-party defendants were in exclusive control of the area of sidewalk in question, Greenwich had no reason to anticipate any negligence on the part of the third-party defendants, Greenwich relied on the third-party defendants not to be negligent, and the third-party defendants were actively negligent while Greenwich was only a CT Page 6220-ww passive participant. Therefore, Greenwich seeks money damages, indemnification, and costs, expenses and attorneys fees for defending against the original action.
Laurie and Devin-Adair filed an answer and special defense to the town's third-party complaint, claiming that the town is barred by the statute of limitations from bringing the third-party complaint because plaintiff's alleged injury occurred on January 26, 1987, and the motion to implead was not granted until July 15, 1991.
The third-party defendants then filed a motion for summary judgment which appeared on the March 8, 1993 motion calendar. "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989). "Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust Co. v. Carriage Lane Associates, CT Page 6220-xx219 Conn. 772, 780-81, 595 A.2d 334 (1991).
The third-party defendants, Laurie and Devin-Adair, claim that the action is barred by either the two year negligence or the three year tort statute of limitations. In addition, the third-party defendants argue that a municipality cannot recover against a third party under a theory of indemnification where such municipality has been sued under the defective highway statute by the original plaintiff. Further, third-party defendants claim that indemnification cannot be predicated on the violation of a municipal ordinance where such ordinance only provides for a fine upon any violation of the ordinance.
In response, the town claims that its cause of action against the third-party defendants is more akin to a contract action than to a tort action. Therefore, Greenwich concludes that the court should apply the six year statute of limitations applicable to actions based on implied contracts. Greenwich notes that while plaintiff has been able to pursue her action past the applicable statute of limitations due to the accidental failure of suit statute, to apply the negligence statute of limitations would deny CT Page 6220-yy it the constitutional right to bring suit against a responsible third party.
"There is no single statute that establishes a uniform limitations period for all indemnity actions. Which statute of limitations applies depends upon the nature of the underlying action that gives rise to the indemnity claim (i.e. tort three years; contract six years)." Casalini v. The Four D's, Inc., 8 CTLR 129, 130 (December 30, 1992), citing Morrison v. Zenobia,1 Conn. App. 7, 8, 467 A.2d 682 (1990).
In order to plead a sufficient cause of action for indemnification not based on a statute or express contract, but instead based on tort, the pleader must show that: (1) the other party was negligent; (2) the other party's negligence was the direct, immediate cause of the accident and injuries; (3) the other party was in exclusive control of the situation; and (4) the pleader did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other party not to be negligent. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698,535 A.2d 357 (1988). The Appellate Court has developed a fifth CT Page 6220-zz element, requiring an independent legal relationship between the indemnitor and indemnitee. See Atkinson v. Berloni, 23 Conn. App. 325,327, 580 A.2d 84 (1990).
Greenwich alleges the following in its third-party complaint against Laurie and Devin-Adair:
 (3) On or about January 26, 1987 the third-party defendants were responsible for removing snow and ice from the sidewalk in front of 6 North Water Street pursuant to 11-7 of the Greenwich Municipal Code; (5) the plaintiff claims in her complaint that said damages occurred as a result of the icy, slippery and unsafe conditions of the sidewalk; (6) at all times mentioned herein, the third-party defendants exercised exclusive control over the aforesaid sidewalk; (7) at all times mentioned herein, the third-party plaintiff had no knowledge of any negligence on the part of the third-party defendants and had no reason to anticipate any such negligence and reasonably relied on said third-party defendants not to be negligent; (8) . . . said CT Page 6220-aaa liability arises vicariously from the active negligence of the third-party defendants and the third-party plaintiff is a mere passive party. . . .
Greenwich claims that its "cause of action is more akin to a breach of contract action than a negligence action." However, the town has fashioned its third-party complaint so as to satisfy the requirements for pleading a cause of action for indemnity based on tort.
Under Protter v. Brown Thompson Co., 25 Conn. App. 360,593 A.2d 524 (1991), an indemnity claim based on tort begins to run upon the occurrence of the alleged negligent act. "No action rounded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes52-577. "`In adopting [the `act or omission complained of'] language, our legislature distinguished Connecticut's statutes of limitations for torts from those of other jurisdictions, the majority of which begin to run only after the cause of action has accrued.'" Protter, supra, 364. "The date of the act or omission complained of is the date when the negligent conduct of the CT Page 6220-bbb defendant occurs and is not when the plaintiff first sustains damage." (Citations omitted.) Protter, supra, 364-65. "[T]he aforementioned principles control actions based on a right of indemnification as well as direct causes of action." (Citation omitted.) Id., 365.
The "act or omission complained of" in this case is the alleged failure of third-party defendants to keep the sidewalk free of snow and ice. Plaintiff Svorka slipped and fell on the sidewalk on January 26, 1987. The alleged negligence of third-party defendants necessarily must have occurred on or before that date. The third-party complaint was brought more than three years from the date of the alleged negligent act. Therefore, the town's indemnification claim is barred by the statute of limitations. See General Statutes 52-577 and 52-584; Casalini v. The Four D's, supra, 130.
It is noted that Greenwich claims 11-7 of the Greenwich Municipal Code evidences a duty owed by the third-party defendants to the town. Section 11-7 states, in part:
Any person who fails to comply with the provisions of CT Page 6220-ccc this section shall be fined twenty-five dollars ($25.00) and shall reimburse the Town for the expense of removal and/or expenses of keeping the sidewalk in a safe condition.
"Primarily it is the sole duty of the municipality to keep its streets in reasonably safe condition for travel, and not the duty of private persons." (Citations omitted.) Willoughby v. New Haven, 123 Conn. 446, 451, 197 A.2d 85 (1937). "[I]f the liability is or can be shifted from the municipality to the individual, it must be accomplished by statutory or charter provision or by ordinance adequately authorized by such provision, and, being the creature of statute or such ordinance, it can be no greater than that specifically imposed thereby." Willoughby, supra.
Section 11-7 of the Greenwich Municipal Code does not act as an independent method by which the town can plead an action for indemnification. Instead, it acts as a method by which the town can allege an independent legal relationship between itself and the third-party defendants. As noted earlier, the Appellate Court has recently stated that such a relationship is a necessary fifth element in pleading a cause of action for indemnification based on CT Page 6220-ddd tort. See Atkinson v. Berloni, supra.
Because the town's indemnification claim is barred by the statute of limitations, the only remaining issue to be determined is whether the application of the tort statute of limitations to the case at bar is unconstitutional. The town argues that to deny it the ability to seek indemnification constitutes a violation of its rights under the Connecticut Constitution, Article First, Section 10. That section provides:
 All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay.
While plaintiff Svorka has been able to bring her cause of action against the town after the running of the statute of limitations by virtue of the accidental failure of suit statute, General Statutes 52-592, the town has been effectively foreclosed from pursuing its claim for indemnification. However, "[i]t is within the General Assembly's constitutional authority to decide CT Page 6220-eee when claims for injury are to be brought." (Citations omitted.) Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257
(1984). "There is no reason, constitutional or otherwise, which prevents the legislature from enacting a statute, such as 8324 [the predecessor to 52-584] which starts the limitation on actions for negligence running from the date of `the act or omission complained of,' even though at that date no person has sustained damage and therefore no cause of action has come into existence. Indeed, such a provision accords with the purposes of statutes of limitation. . . . It is consonant with the purpose of protecting defendants against stale claims that the legislature should enact a statute, such as 8324, which may on occasion bar an action even before the cause of action accrues." (Citations omitted.) Prokolkin v. General Motors Corp., 170 Conn. 289, 297,365 A.2d 1180 (1976).
Therefore, the town's constitutional claim is without merit, and there is no genuine issue of material fact. The third-party defendants are entitled to judgment as a matter of law and their motion for summary judgment is granted.
So Ordered. CT Page 6220-fff
Dated at Stamford, Connecticut, this 24th day of June, 1993.
WILLIAM BURKE LEWIS, JUDGE