[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
O'Connell, Flaherty Atmore for third-party plaintiff.
Cummings Lockwood for third-party defendant.
MEMORANDUM OF DECISION RE THIRD-PARTY DEFENDANT ADVANCE TRANSFORMER COMPANY'S MOTION FOR SUMMARY JUDGMENT
This action arises out of a fire which occurred on September 30, 1988 destroying Flanders Plaza located at 15 Chesterfield Road, East Lyme, Connecticut. The plaintiffs in the underlying action are tenants of Flanders Plaza and filed their original five-count complaint on October 16, 1990 naming the following as defendants: 1) The owners of Flanders Plaza: Thomas J. Tucciarone, Michael J. Diprospero, Jay Snellman, and the Snellman Limited Partnership (hereinafter the "owners"); 2) Globe Security, the tenant in whose space the fire is claimed to have begun; and 3) Allen Furnald d/b/a Allen Electric, Inc.
The plaintiffs' action against the owners are grounded in negligence and nuisance.
On January 15, 1992, the owners filed a motion to implead Advance Transformer Company (hereinafter "Advance") as third-party defendant. The owners allege in their accompanying two-count third-party complaint that Advance manufactured the CT Page 10388 ballast which allegedly started the fire. The owners' motion to implead was granted by the court, Mihalakos, J., on January 27, 1992. The owners allege in the first count of their third-party complaint that Advance is liable to indemnify them for any liability they may incur as a result of the fire. They allege in their second count that Advance is liable to them under Connecticut's Product Liability Act, General Statutes 52-572m, et seq. for the damages they sustained in the fire.[1]
It is undisputed that on October 20, 1988, Deputy Fire Marshall William Caulkins issued a report wherein he identified the cause of the fire to be a defective ballast manufactured by Advance.
On August 4, 1992, Advance filed an answer and five special defenses to the owners' third-party complaint. The relevant special defenses are the first and fifth in which Advance asserts that the owners' claims are barred by the applicable statute of limitations.
Advance filed a motion for summary judgment, and accompanying memorandum of law, on July 15, 1993 arguing that the owners' claims are barred by the applicable statute of limitations. The owners filed a memorandum in opposition to Advance's motion for summary judgment on October 3, 1993.
Discussion
A party is entitled to summary judgment if he proves the nonexistence of any material issue of fact and that he is entitled to judgment as a matter of law. Practice Book 384.
A claim that an action is barred by the statute of limitations may be determined in a motion for summary judgment. Nardi v. AA Electronic Security Engineering, 32 Conn. App. 205, ___ A.2d ___ (1993).
I. Product Liability
The owners, second count sounds in product liability. Advance asserts that this claim is barred by General Statutes52-577a, which reads in relevant part: "No product liability claim . . . shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ." Advance asserts that the injury occurred on the CT Page 10389 date of the fire, September 30, 1988, and because the action was filed more than three years later it is barred.
The owners analogize the language of General Statutes 52-577a
to General Statutes 52-584, the negligence statute of limitations, and assert that the limitations period does not begin to run until the causal nexus between the product and the injury has been discovered or should have been discovered. The owners rely on Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509,521 (1989) and argue that the "discovery" language in General Statutes 52-577a tolls the running of the statute of limitations until a cause of action accrues. A cause of action does not accrue, the owners argue citing Champagne, supra, until the plaintiff suffers actionable harm which occurs when the plaintiff discovers or should have discovered that he had been injured and that the defendant's conduct caused such injury.
The owners argue that despite the Deputy Fire Marshall's report issued on October 20, 1988, they did not discover the causal connection between the fire and the ballast until January 1991 when their insurer's expert issued a finding that the ballast caused the fire. (Affidavit of Beth Anderson.) In fact, the owners argue, they were led to believe by another expert, who issued an opinion on or around March of 1989, that the ballast did not cause the fire. (Affidavit of Henry Elliott.)
The appellate courts of this state have yet to interpret General Statutes 52-577a in the context presently before the court. However, it is submitted that the court need not address the issue of whether the statute of limitations begins to run at the time of the injury or at the time the plaintiff discovers the causal nexus between the injury and the allegedly defective product need not be determined. Assuming, arguendo, that the owners' interpretation of General Statutes 52-577a is correct, it is submitted that the statute of limitations period began to run no later than October 20, 1988 when the Deputy Fire Marshall issued his opinion that the cause of the fire was the defective ballast. As the court stated in Lambert v. Stovell, 205 Conn. 1, 6, 529 A.2d 710 (1987), a case interpreting General Statutes 52-584 relied upon by the owners, "the statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof." (emphasis in original).
Because the owners did not file their action against Advance "three years from the date when the injury, death or property CT Page 10390 damage is first sustained or discovered or in the exercise of reasonable care should have been discovered" pursuant to General Statutes 52-577a, the second count of the owners, third-party complaint against advance is barred.
II. Indemnification
The first count of the owners' complaint is for indemnification based upon active/passive liability. The underlying nature of the owners, claim sounds in product liability.
Advance argues, in it memorandum in support of its motion for summary judgment that the owners' claim for indemnification contained in count one of its third-party complaint is barred by General Statutes 52-577, the tort statute of limitations. General Statutes 52-577 reads: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
Because the fire occurred on September 30, 1988, Advance argues, no act or omission which the owners' may complain of could have occurred later than this date, and thus the second count of the owners' third-party complaint is time barred.
The owners argue in their memorandum in opposition to Advance's motion for summary judgment that the underlying nature of the claim for indemnification determines the applicable statute of limitations, not the nature of the claim against the party seeking to be indemnified. Therefore, the owners conclude, the applicable statute of limitations is similarly General Statutes52-577a[2]. The statute of limitations in an action for indemnification is based upon the nature of the underlying claim. Kapetan Inc. v. STO Industries, Inc., 8 CSCR 54 (December 12, 1992). In the instant case, the owners' base their claim for indemnification on product liability. Therefore, it is submitted that General Statutes52-577a is applicable.
As discussed above, General Statutes 52-577a begins to run at the time of the injury. In Protter v. Brown Thompson Co.,25 Conn. App. 360, 593 A.2d 524 (1991), the court discusses the distinction between statutes of limitations which begin to run upon the occurrence of an "act or omission" and those which begin to run upon the discovery of an "injury" in relation to a claim for indemnification. An "act or omission" refers to the conduct of the defendant and an indemnification action is often CT Page 10391 barred before it accrues under statutes of limitations which employ the "act or omission" language. Id., 364-65.
Accordingly, as Advance has proven that there is no genuine issue of material fact and that General Statutes 52-577a bars the owners' product liability claim, the court thereby grants Advance's motion for summary judgment on the second count of the owners' third-party complaint.
The statute of limitations bars the owners' indemnification action because under Connecticut General Statutes 52-577a the statute of limitations begins to run at the time the injury is first sustained or at the latest the date the damage was discovered or should have been discovered.
HURLEY, JUDGE