[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 24, 1992, the plaintiff, John Horvat, filed a two count legal malpractice complaint against the defendant, Stephen Handuruck alleging negligence in the first count and breach of contract in the second count. The plaintiff alleges that he hired the defendant to represent him in a legal matter, and as a result of the defendant's negligent representation on June 30, 1989, he suffered damages.
On February 10, 1994, the defendant filed his amended answer and special defense alleging that the plaintiff's cause of action is time barred by General Statute § 52-577.
On April 27, 1994, the plaintiff filed a motion to strike the defendant's special defense, along with a supporting memorandum of law. The plaintiff moves to strike defendant's special defense on the ground that such defense is legally insufficient as the plaintiff's action was brought within the time period enumerated in General Statutes § 52-577.
On October 12, 1994, the defendant filed a timely memorandum of law in opposition to the plaintiff's motion to strike. The defendant argues that the plaintiff's motion is not properly before the court because a motion to strike is not the proper vehicle for CT Page 96 deciding a statute of limitations defense.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214, 618 A.2d 25
(1992). A motion to strike is properly used to contest "the legal sufficiency of any answer including any special defense contained therein." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716. In determining the sufficiency of the pleading, "[the] trial court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged." (Internal quotation marks omitted.) Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff." Westport Bank Trust Co. v.Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 682 (1992). "[It] does not [admit] however, legal conclusions or opinions stated in the complaint." Id."
I. The plaintiff's motion to strike is properly before this court
The defendant argues in his memorandum of law that the question of whether the plaintiff's action is time barred by the statute of limitations is a question of fact that cannot be determined on a motion to strike. The defendant however cites no legal authority to support this proposition.
Contrary to what the defendant argues, a number of courts have decided a statute of limitations defense on a motion to strike. InFrederick v. Schrier Brothers, Inc., Superior Court judicial district of Fairfield at Bridgeport, Docket No. 93302860 (May 20, 1994, Fuller, J.), the court was required to rule on the plaintiff's motion to strike the defendant's second special defense asserting that the plaintiff's action was barred by the applicable statute of limitations. In granting the plaintiff's motion, the court stated that "[i]n most cases the legal question of whether a cause of action is barred by the statute of limitations cannot be decided on a motion to strike. An exception exists here because the special defense relies upon the dates in the complaint." Id.; see also Greenwood v. Eastman-Kodak Company, Superior Court judicial district of Hartford/New Britain at New Britain, Docket No. 0452919 (March 25, 1994, Lavine, J.) (the plaintiff's motion to strike the defendant's statute of limitations defense was denied); CT Page 97Stone v. Pullman, Comley, Superior Court judicial district of Fairfield at Bridgeport, Docket No. 301727 (December 10, 1993, Pittman, J.) (the defendant's motion to strike based on a statute of limitations defense was granted); Frederick v. Schrier Brothers,Inc., supra., (the plaintiff's motion to strike the defendant's statute of limitations special defense was granted); Posta v.McDonald's Corporation, Superior Court judicial district of Fairfield at Bridgeport, Docket No. 275577 (May 27, 1993, Ballen, J.) (the plaintiff's motion to strike the defendant's special defense was denied).
In the present case, the plaintiff's complaint has sufficiently alleged the necessary facts to decide the statute of limitation question on the motion to strike.
II. The defendant's statute of limitations defense is legally insufficient.
"[T]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless that the plaintiff had no cause of action." Ohler v.Ohler, Superior Court judicial district of Litchfield, Docket No. 0059325 (February 3, 1993, Dranginis, J.) Thus, if the facts provable "under the allegations of the special defense, construed in the light most favorable to the defendant show, notwithstanding the verity of the plaintiff's allegations, that the plaintiff has no cause of action, then the motion to strike must fail." Ohler v.Ohler, supra.
The plaintiff alleges that he retained the defendant in June, 1989 to represent him in connection with the sale of residential property that he had intended to convey to a third party. In connection with such sale, the plaintiff requested that the defendant arrange payoff of the plaintiff's mortgage and note before the plaintiff conveyed the property to said third party. In accordance with their agreement, the plaintiff forwarded payoff funds to the defendant who had arranged to provide him with a release of mortgage from the mortgagee. On June 30, 1989, the defendant forwarded the plaintiff's payoff funds to the mortgagee's attorney but failed to obtain a release of mortgage thereafter. This is the date that the negligent conduct occurred for which the plaintiff brings this action.
The applicable statute of limitations provides that "[n]o action founded upon a tort shall be brought but within three years CT Page 98 from the date of the act or omission complained of." (Emphasis added). General Statutes § 52-577. "The three year statute of limitations for tort claims applies in cases in which the plaintiff alleges legal malpractice." S.M.S Textile v. Brown Jacobson,ETC., P.C., 32 Conn. App. 786, 790, 631 A.2d 340 (1993). "The exact wording of the statute, barring the bringing of any action founded upon a tort but within three years from the date of the act or omission complained of, pinpoints the basic question as being just what actually constituted the act or omission complained of . . . [in the plaintiff's claim for legal malpractice]." (Internal quotation marks omitted). Protter v. Brown Thompson Co.,25 Conn. App. 360, 364, 593 A.2d 524 (1991). "The date of the act or omission complained of is the date when the negligent conduct of the defendant occurs. . ." Id., 365.
In the present case, the defendant's negligent conduct occurred on June 30, 1989 when the defendant forwarded the plaintiff's payoff funds to the mortgagee's attorney without obtaining a release of mortgage. For purposes of General Statute52-577, this is the date of the negligent act of which the plaintiff complains. The defendant in his amended answer admits to that portion of the plaintiff's complaint (paragraphs 8 and 9) in which the plaintiff alleges that the defendant forwarded the plaintiff's payoff funds to mortgagee's attorney on June 30, 1989. Therefore, as the plaintiff correctly argues in his brief, June 30, 1989 is the earliest date that the defendant's negligent conduct could have occurred. Since the plaintiff's action was filed June 24, 1992, it was filed within three years of June 30, 1989, the three year limitations period enumerated in General Statutes 52-577.
Therefore, the plaintiff's action was brought within the three year statute of limitations period; as such the defendant's special defense is legally insufficient and the plaintiff's motion to strike is granted.
Howard F. Zoarski, Judge