[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
I. Factual and Procedural Background
By way of a one count complaint sounding in negligence, dated October 29, 1993, plaintiff claims entitlement to damages resulting from injuries and losses she sustained. Plaintiff contends that on or about November 30, 1991, she and her husband entered Chili's Grill and Bar Restaurant, in New Britain, CT Page 3972 Connecticut to have dinner. Upon entering the premises, plaintiff and her husband proceeded to the restaurant's lounge area. At that time, plaintiff alleges that she attempted to sit on a stool but that when she placed her right foot on a metal bar in order to lift herself onto the seat, the metal bar was broken and gave way. She claims she fell onto the floor on her left leg and back, entangling her right foot in the chair and thus, sustained injuries.
Plaintiff seeks damages from the two named defendants, Dunkin' Ventures Corporation and New England Restaurant Company, Inc. (hereinafter, New England), the operators and owners of the restaurant, respectively.
On October 3, 1994, the court (Handy, J.) granted New England's motion to cite in Shelby Williams Industries, Inc. as a party to this action. New England claims that Shelby, as the manufacturer of the stool, should indemnify New England. The third party complaint alleges that the stool was defective upon receipt and that New England as the third party plaintiff had no reason to know of or anticipate Shelby's alleged negligence.
Shelby contends that this action is governed by the two year statute of limitations imposed by Connecticut General Statutes § 52-584. As a result, Shelby claims that the statute of limitations expired on or about November 30, 1993, the date of the incident. Since New England filed its complaint on October 11, 1994, Shelby argues that the action is barred and that a summary judgment must be granted.
II. Discussion
It has been well established that summary judgment is an appropriate decision "if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. A party's motion for summary judgment is "properly granted if it raises at least one legally sufficient defense that would bar the [opposing party's] claim and involves no triable issue of fact." Perille v.Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543,494 A.2d 555 (1985). It is up to the party seeking summary judgment to prove the absence of any triable issue of fact. Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). In deciding a motion for summary judgment, the trial court "must CT Page 3973 view the evidence in the light most favorable to the non-moving party." Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116
(1990). "The test is whether a party would be entitled to a directed verdict on the same facts." Id.
Shelby argues that this court should grant summary judgment as to New England's indemnification claims based on negligence because Connecticut General Statutes § 52-584, the statute of limitations governing negligence actions, has expired. New England counters by arguing that Connecticut General Statutes § 52-584 is not applicable in this case and that the court should apply Public Act 93-370, "An Act Concerning the Statute of Limitations in Actions for Indemnification."
Section 1 of Public Act 93-370 provides that:
 Notwithstanding any provision of chapter 926 of the general statutes, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement.
Connecticut General Statutes § 52-584, upon which Shelby relies in support of its motion, is codified in chapter 926 of the General Statutes. Therefore, the issue at hand is whether Public Act 93-370 now codified at § 52-598 of the General Statutes should be applied in this case. This court concludes that it is applicable.
The purpose of Public Act 93-370 is to prevent the statute of limitations from disallowing indemnification actions against third party defendants before such actions even accrue. NorthStreet Elderly Limited Partnership v. Kapetan, Inc.,11 Conn. L. Rptr. 1, 5 (March 14, 1994, Lewis J.). The legislative history clearly indicates that this Act was intended to overrule the Appellate Court's decision in Protter v. Brown Thomson Co.,25 Conn. App. 360, 593 A.2d 524.
In Protter v. Brown Thomson Co., the Appellate Court held that the statute of limitations for indemnification began to run upon the commission of the negligent conduct underlying the original action. The court rendered this decision in a case involving a fourth party plaintiff who sought indemnification CT Page 3974 once a final judgment was made against that party. Up until the point of judgment, the fourth party plaintiff had no knowledge that it would need to seek indemnification. Thus, this party's action was barred before the right to indemnification even accrued. According to Representative Radcliffe, "there is a serious injustice I think to a potential defendant if we allow the state of law to remain where it is on the basis of this Brown-Thomson case." Transcript of June 4, 1993 Debate of theHouse of Representatives, remarks of Rep. Radcliffe, June 4, 1993, p. 257.
The legislature through its enactment of Public Act 93-370 clearly wanted to preserve the rights of parties to litigation to seek indemnification where warranted. See Transcript of June 4,1993 Debate of the House of Representatives, June 4, 1993. The third party plaintiff in the case at hand is the type of party the legislature had in mind when it recognized the need for such a law. In this particular case, the underlying action has not yet been determined so the three year statute of limitations imposed by the Act has not even started to run. It is clear, then, that there is no bar to this action and that the statute of limitations defense raised by the third party defendant is not appropriate.
III. Conclusion
Based on this analysis, the third party defendant's Motion for Summary Judgment is denied.
SUSAN B. HANDY JUDGE, SUPERIOR COURT