[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS CROSS-CLAIM
This case arises out of a fall in an elevator on July 9, 1991 suffered by Veronica McKeon, an employee of Sheraton Hartford Hotel which originally brought an action against Schindler Elevator Corp., the elevator maintainer, to recover compensation payments made to McKeon. After a series of motions, Sheraton filed an amended three count complaint on June 2, 1995 directed in addition to Schindler, to Elevator Equipment Co. and IMO Industries Inc., manufacturers of CT Page 3965 certain parts of the elevator. On September 20, 1995 Schindler filed a cross-complaint against Elevator Equipment and IMO sounding in indemnification.
IMO now files this motion to dismiss Schindler's cross-claim on the ground that IMO was a party to this action only for apportionment purposes only and that the cross-claim is improper since Schindler "lacks the authority to seek indemnification, and this court lacks jurisdiction over the cross-claim. -I-
The motion to dismiss relies heavily on a previous ruling by Judge Allen on a motion for summary judgment by IMO based on the statute of limitations, which ruling in effect permitted IMO to be joined for apportionment purposes only.
In that decision the court recognized that IMO could not be pursued by Schindler on a product liability claim because the statute of limitations had run. However, the courts ruling did not determine the potential viability of Schindler's cross-claim against IMO, or the court's jurisdiction over IMO in such an action. Although IMO asserts that its motion to dismiss Schindler's cross-claim is based on lack of personal jurisdiction, its motion to dismiss is in fact, grounded in a statute of limitations defense, either on the original product liability claim against IMO, or on the cross-complaint for indemnification by Schindler, to which this motion is directed.
-II-
A motion to dismiss generally cannot be used to assert that the statute of limitations bars an action; such a claim must be pleaded as a special defense. Forbes v. Ballaro,31 Conn. App. 235, 239 (1993). This general rule is modified in cases involving matters like the right to appeal contained in statutes because the time limitation is a "limitation on the liability itself, and not of the remedy alone" which are subject matter jurisdictional.
In the present case, Sheraton's product liability claims are based on General Statutes §§ 52-572m through 52-572q and IMO's motion to dismiss is based on the statute of limitations for product liability actions, provided in General Statutes § CT Page 396652-577a. That limitation is not contained in the statutes providing the causes of action for product liability claims, but in Chapter 926, General Statutes §§ 52-573 through 52-598a, the chapter dealing with statutes of limitations. This placement would indicate that General Statutes § 52-577a is procedural and not substantive so that it may properly be raised by a motion to dismiss.
-III-
Schindler filed its cross-complaint against IMO in September, 1995. In 1993 Public Act No. 93-370 was enacted as General Statutes § 52-598a, which provides:
 notwithstanding any provision of this chapter, an action for indemnification may be brought within. three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement.
Prior to Public Act 93-370, the statute of limitations applicable to an indemnification action depended upon the nature of the underlying action that gives rise to the indemnity claim. i.e. tort three years; contract six years.Kapetan Inc. v. STO Industries, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0101815 (December 2, 1992, Sylvester, J., 8 CSCR 54, 54). At that time, as argued by IMO, Schindler's cross-claim would have been governed by the three-year statute of limitations provided in General Statutes § 52-577a, and Schindler's cross-claim would have been barred.
However, Sheraton's action against Schindler has not yet been resolved and applying the statute of limitations provided in General Statutes § 52-577a to Schindler's cross-claim for indemnification against IMO would bar Schindler from asserting an indemnification claim before such a claim accrued. It was to a similar situation presented in Protter v. Brown Thompson Co., 25 Conn. App. 360, cert. granted, 220 Conn. 910,597 A.2d 335 (1991), to which the legislature responded with General Statutes § 52-598a. In Sivilla v. PhillisMedical Systems North America, Inc., Superior Court, judicial district of Waterbury, Docket No. 098910 (October 3, 1995, Flynn, J.), it was held that the recently enacted statute of limitations applicable to indemnification suits, General CT Page 3967 Statutes 52-598a, extends the time period for which a party may bring an action for indemnification, notwithstanding the time frame embodied in 52-577a. Moreover, that decision held that "General Statutes § 52-598a applies retroactively to pending cases. . . because this statute is a procedural device which sets out when and how an already existing substantive right may be exercised."
Under General Statutes § 52-598a it appears that since the underlying action, Sheraton's action against Schindler has not yet been determined, the statute of limitations on Schindler's claim for indemnification has not begun to run.
Motion to Dismiss denied.
Wagner, J.