[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE NO. 135
On July 2, 1997, the plaintiffs, Kathleen and Richard DeSanti (hereinafter "the plaintiff"), brought a four-count amended complaint against the defendants, Shelton Square Limited Partnership ("Shelton Square") and Eastern Land Management, Inc. ("Eastern"). In the complaint, the plaintiff alleges that on or about January 8, 1995, Kathleen DeSanti was injured after slipping and falling on black ice that had accumulated on a parking lot owned and controlled by Shelton Square. The plaintiff further alleges that Eastern had a contract to maintain the parking lot on which Kathleen DeSanti sustained her injury.
On January 22, 1998, Shelton Square filed an answer and special defenses to the plaintiff's amended complaint. On the same date, Shelton Square filed a crossclaim for indemnification against Eastern based on an alleged contract between Shelton Square and Eastern. On April 3, 1998, Shelton Square filed an amended answer, special defenses and crossclaim. In its amended crossclaim against Eastern, Shelton Square added an indemnification count based on negligence (count one). On June 22, 1998, Eastern filed a motion to strike the first count of the crossclaim on the ground that the first count is legally insufficient and, because of the statute of limitations, fails to CT Page 10669 state a claim upon which relief can be granted. Shelton Square objected and filed a memorandum in support of its objection on July 8, 1998. Argument was heard at short calendar on August 10, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580 693 A.2d 293 (1997).
Eastern argues that the first count of the crossclaim is legally insufficient as the statute of limitations has already run. Specifically, Eastern argues that General Statutes §52-584 governs the period in which Shelton Square could have brought the negligence cause of action against Eastern. Because Eastern's negligence is to have occurred on January 8, 1995, Eastern argues that under § 52-584[1] Shelton Square's amended crossclaim of April 1998 is well beyond the period that Shelton Square could have filed a cause of action based on negligence against Eastern.
Shelton Square objects and argues that § 52-584 is inapplicable to the case at hand. Specifically, Shelton Square argues that § 52-598a, and not § 52-584, sets out the applicable statute of limitations for an indemnification claim.
At common law, an action for indemnification did not accrue until the entry of final judgment against the party seeking indemnification. Protter v. Brown Thompson Co.,25 Conn. App. 360, 364, 593 A.2d 524
(1991). Historically, however, Connecticut law distinguished itself from the common law view held by a majority of jurisdictions. Thus, in Connecticut, "the date of the act or omission complained of is the date when the negligent conduct of the defendant occurs and is not the date when the plaintiff first sustains damage. . . Because of the distinction created in the Connecticut limitation statute between the injury and the tortious conduct that caused it, it is, indeed possible, on occasions, to bar an action even before the cause of action accrues. . ." (Citations omitted; internal quotation marks CT Page 10670 omitted.) Id., 364-65.
In Protter the appellate court applied these general principles to actions based on a right of indemnification as well as direct causes of action. Thus, a fourth party action for indemnification brought nearly four years after the incident alleged by the plaintiff was barred by the applicable statute of limitations which stated that an action was to be brought within three years from the date of the act or omission complained of.Id., 365.
The rule set forth in Protter, however, was specifically rejected by the enactment of Public Acts 1993, No. 370, § 1 (P.A. 93-370). See Coggins v. Resha, Superior Court, judicial district of Danbury, Docket No. 320712 (July 31, 1996) (Moraghan, J.); Violette v. Dunkin' Ventures Corp. , Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 459314 (April 5, 1995) (Handy, J.). Codified as General Statutes § 52-598a, P.A. 93-370 provides: "[n]otwithstanding any provision of this chapter, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement." Thus, the present rule is that, in an indemnification action, the statute of limitations does not begin to run until the underlying action has been determined. SeeSivilla v. Philips Medical Systems of North America, Inc.,46 Conn. App. 699, 711, 700 A.2d 1179 (1997).
General Statutes § 52-598a does not differentiate between causes of action based on tort, negligence or contract, but calls for an uniform statute of limitations for indemnification actions. Though the first count of the crossclaim is based on negligence, the first count seeks indemnification from Eastern should a judgment be rendered against Shelton Square in the underlying action. The first count of the crossclaim is, therefore, governed by the statute of limitations set forth in § 52-598a, which has not yet begun to accrue.
Accordingly, Eastern's motion to strike the first count of Shelton Square's crossclaim is denied.
BY THE COURT, DAVID W. SKOLNICK, JUDGE