[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a motion (#129) by the intervening plaintiff, B G Mechanical Contractors, Inc. (B G), to strike the second count of a counterclaim filed by the defendant, W.E. O'Neil Construction Company (O'Neil), which seeks indemnification from B G. The complaint in this action was brought on July 2, 1990, by the plaintiff, Richard Charett, who alleges that he was employed by B G, a plumbing, heating, and air conditioning subcontractor, on a construction project at Harbor Point in Stamford, for which the defendant O'Neil was the general contractor. Charett alleges that on July 5, 1988, while employed by B G and working on the project, he was injured due to the negligence of defendant O'Neil. CT Page 8237
On August 28, 1990, B G moved to intervene in this action as a co-plaintiff pursuant to General Statutes 31-293 (a), on the basis that plaintiff Charett was in its employ at the time of the accident, and that it had paid workers' compensation benefits to plaintiff. B G seeks to be reimbursed by Charett if he recovers a monetary award in his personal injury action against the general contractor, O'Neil.
O'Neil filed a counterclaim against co-plaintiff B G seeking indemnification for any money that it became obliged to pay Charett as a result of this action. The counterclaim is in two counts, the second of which is the subject of the present motion to strike. The first count alleges a written subcontract in which B G agreed to assume all responsibility for injuries to its employees, such as the plaintiff Charett, including legal fees and expenses. The second count seeks indemnification on the basis of "active/passive" negligence, claiming that B G's negligence, rather than any negligence on its part, was the "direct and immediate cause" of Charett's alleged injuries; that B G was "in control of the situation to the exclusion of" defendant O'Neil; and that the defendant "did not know of B G's negligence, had no reason to anticipate it and could reasonably rely on B G not to be negligent." The defendant's allegations repeat the standards for common law indemnification between joint tortfeasors set forth in Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412, 207 A.2d 732 (1965).
B G's motion to strike the second count of the counterclaim makes three claims. The first is that indemnity is barred by the exclusive remedy provisions of the workers' compensation statute, General Statutes31-284 (a). The second argument is that the claim for indemnity is barred by the negligence statute of limitations, General Statutes 52-584, on the theory that any negligence on the part of B G "necessarily occurred more than three years before defendant O'Neil commenced its counterclaim," on December 5, 1991, since the injuries to the plaintiff were sustained on July 5, 1988. B G's third argument in support of its motion to strike the second count is that the claim for indemnification in this count is "in irreconcilable conflict" with tort reform legislation embodied in General Statutes 52-572h(b) and 52-572h(c).
In opposing the intervening plaintiffs motion to strike the second count of its counterclaim, defendant O'Neil contends: (1) that it has sufficiently alleged an independent relationship between itself and the co-plaintiff, B G, to avoid the exclusivity provisions of the workers' compensation statute; (2) that its counterclaim is not barred by a negligence or tort statute of limitations because its claim for indemnity is based on contract rather than tort; and (3) that an action for indemnification is not precluded by tort reform legislation as General CT Page 8238 Statutes 52-572h(j) preserves the "right to indemnity under existing law."
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34,36, 522 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail (Citation omitted.)" Alarm Application Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
B G's first argument in support of its motion to strike the second count of defendant's counterclaim is based on the exclusivity of the workers' compensation law. The issue is whether, in the light of the exclusivity provisions of General Statutes 31-284 (a), a defendant in a third-party negligence action by an injured employee may assert a counterclaim seeking indemnity against the injured employee's employer, who had intervened in the action as a co-plaintiff in order to recover workers' compensation benefits it had paid to the plaintiff.
This issue was addressed in Ferryman v. Groton, 212 Conn. 138, 141,561 A.2d 432 (1989), where the defendant City of Groton filed a third-party complaint against the plaintiff's employer, Electric Boat, who moved to strike the third-party complaint on the ground that it violated the "exclusive remedy" provisions of the Workers' Compensation Act. The Supreme Court noted that: "[w]hen the third party, in a suit by the employer, seeks recovery against a contributorily negligent employer [indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. Id., 144-45, quoting 2A A. Larson, Workmen's Compensation Law 76.
The Appellate Court recently discussed the necessity of "an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty" and found that the relationship between a subcontractor and a general contractor was an example of such a relationship. Atkinson v. Berloni, 23 Conn. App. 325, 327, 580 A.2d 84 (1990). The court quoted CT Page 8239 Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 574, 452 A.2d 117 (1982), which held that: "the relationship of . . . subcontractors to the general contractor on a construction project has frequently been the setting in which questions of ultimate liability for employee actions arise."
The "independent relationship" between the general contractor, O'Neil, and the subcontractor, B G, is sufficiently alleged in the counterclaim so as to bring the counterclaim within the exception to the exclusive remedy provisions of General Statutes 31-284. Accordingly, the motion to strike defendant's counterclaim on this ground is denied.
As to the second ground for the motion to strike, the expiration of the negligence statute of limitations, the court has held that: "[t]here is no single statute that establishes a uniform limitations period for all indemnity actions. Which statute of limitations applies depends upon the nature of the underlying action that gives rise to the indemnity claim (i.e. tort three years; contract six years)." Casalini v. The Four D's, Inc., 8 CTLR 129, 130 (December 30, 1992), citing Morrison v. Zenobia,1 Conn. App. 7, 8, 467 A.2d 682 (1990).
In order to plead a sufficient cause of action for indemnification which is not based upon a statute or express contract, but rather based on negligence, the pleader must show: (1) that the other party was negligent; (2) that the other party's negligence was the direct, immediate cause of the accident and injuries; (3) that the other party was in exclusive control of the situation; and (4) that the pleader did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other party not to be negligent. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698, 535 A.2d 357 (1988). The Appellate Court has developed a fifth element, requiring an independent legal relationship between the indemnitor and indemnitee. See Atkinson v. Berloni, supra, 327.
Defendant and counterclaimant O'Neil argues that its "cause of action is more akin to a breach of contract action than a negligence action." However, the defendant has fashioned its counterclaim so as to satisfy the requirements for pleading a cause of action for indemnity based on tort. Under Protter v. Brown Thompson Co., 25 Conn. App. 360593 A.2d 524 (1991) an indemnity claim based on tort begins to run upon the occurrence of the alleged negligent act. "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes 52-577. This is similar to the negligence statute of limitations, General Statutes 52-584. "`In adopting [the `act or omission complained of'] language, our legislature distinguished Connecticut's statutes of limitations for torts from those CT Page 8240 of other jurisdictions, the majority of which begin to run only after the cause of action has accrued.'" Protter v. Brown Thompson Co supra, 364. "The date of the act or omission complained of is the date when the negligent conduct of the defendant occurs and is not when the plaintiff first sustains damage." (Citations omitted.) Id., 364-65. "[T]he aforementioned principles control actions based on a right of indemnification as well as direct causes of action." (Citation omitted.) Id., 365.
The "act or omission complained of" in this case is the alleged failure of co-plaintiff B G to "properly supervise its employees," and to "properly . . . maintain the area in which Charett was working." Plaintiff Charett claims that he was injured on July 5, 1988. The alleged negligence of B G, the intervening co-plaintiff, necessarily must have occurred on or before that date. The defendant's counterclaim was brought more than three years from the date of the alleged negligent acts by B G, and therefore is barred by the statute of limitations. See General Statutes 52-577 and 52-584; Casalini v. The Four D's, supra, 130.
The third ground for the motion to strike argues that the claim for indemnity violates the "letter and spirit" of General Statutes52-572h(h)(1), which makes each tortfeasor responsible only for paying his proportionate share of damages based on an apportionment of liability. This argument in support of the motion to strike is somewhat unclear and appears to advocate that this court abolish the doctrine of "active/passive" negligence, which the defendant describes as "harsh and inequitable."
Thus, the motion by B G to strike the second count of the defendant's counterclaim seeking common law indemnity based on "active/passive" negligence is denied as to reasons one and three. However, the motion is granted for the second reason, as the claim is barred by the negligence statute of limitations.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of October, 1993.
William B. Lewis, Judge
Decision entered in accordance with the foregoing, 10-8-93.
Mary Pat Ennis, Asst. Clerk CT Page 8241